**In the Matter of Luis A. FLORES, Debtor.**

**Bankruptcy No. 84–06175.**

United States Bankruptcy Court, D. New Jersey.

Nov. 20, 1985.

Goldman & Conk by Mark Goldman, East Orange, N.J., for debtor.

Mercedes Lopez Cisneros by Robert M. Mayerovic, Guttenberg, N.J., for creditor.

OPINION

D. JOSEPH DeVITO, Bankruptcy Judge.

This motion, brought on by a judgment creditor, seeks an order remanding to the

state court certain proceedings relating to the confirmation of a sheriff's sale held on November 15, 1984, involving premises known as 6118–6120 Broadway, West New York, New Jersey. For reasons set forth below, this Court grants the motion and shall enter the requested order. The following opinion constitutes the findings of fact and conclusions of law as required by Bankruptcy Rule 7054.

The essential facts reveal that on March 21, 1983, a judgment was entered for the judgment creditor, Luisa Flores, against the debtor, Luis Flores. A further judgment was entered on May 31, 1984. To satisfy the judgments, a sheriff's sale was held on November 15, 1984 of the West New York premises. The judgment creditor was the high bidder at the sale.

Pursuant to New Jersey law, the debtor had ten days in which to cure his default and redeem the property. On November 26, 1984, the last day of the available time for the debtor to act, he filed a voluntary petition in bankruptcy with this Court. The petition having stayed all court proceedings, the sheriff's deed confirming the sale never issued.

The judgment creditor now seeks the order of this Court remanding the matter to the state court, so that she may complete the sheriff's sale and obtain a proper deed. The debtor claims that, according to § 108[b] of the Bankruptcy Code, he still has time available to cure the default.

The general provisions of the Bankruptcy Code contain a section specifically dealing with extensions of time, providing, in pertinent part, that if applicable nonbankruptcy law fixes a period in which the debtor may cure a default, and such period has not expired before the filing of the petition, the trustee may only cure before the later of the end of such period, including any suspension of such period, or sixty days after the order for relief. 11 U.S.C. § 108[b]. In essence, the provision permits the trustee "to benefit from an extended period of time for filing an action or doing other specified acts that may be required to preserve rights of the debtor." 2 *Collier Bankruptcy Manual* ¶ 108.01 (3d ed. 1979).

While the statute is undeniably helpful to the debtor, its saving powers are not unlimited. Compliance with the time constraints of § 108[b] is an absolute requirement. If the act is already time-barred, the Code provisions are of no help to the debtor. Such was the ruling in *Discount Plywood Centers, Inc. v. Didio (In re Discount Plywood Centers, Inc.)* 11 B.R. 866 (Bankr. E.D.Pa.1981). In *Discount Plywood Centers,* Bankruptcy Judge Goldhaber noted that the trustee was strictly limited to filing within the longer of the state period or the sixty days of § 108[b]. Failure to do so resulted in the loss of the right to perform the act. *Id.* at 869.

■ Applying the foregoing to the case at hand, it appears clear that the debtor's attempt to cure is time-barred. The ten day period in which to cure a default, as permitted by New Jersey law, expired on the day the debtor filed his petition. Since the debtor chose to file his bankruptcy petition instead of redeeming the property, state law accords him no relief. Likewise, the sixty days permitted by the Bankruptcy Code passed without action by the debtor. This would seem to end the matter; however, the debtor now contends that he still has time available to him in order to file under state law, stating that the filing of the petition in bankruptcy tolled the running of the New Jersey ten day period. The debtor argues that the automatic stay of § 362[a] of the Bankruptcy Code is the kind of suspension of time mentioned in § 108[b][1].

■ The point raised by the debtor was addressed in *Bank of the Commonwealth v. Bevan,* 13 B.R. 989 (E.D.Mich.1981). In that case, the debtor had defaulted on a business debt secured by a second mortgage on his home. The foreclosure sale on his home was held on December 18, 1979. The second mortgagee purchased the property and obtained a sheriff's deed on the same day at 11:33 a.m. The debtor filed a petition in bankruptcy under Chapter 11 of the Code at 3:24 p.m. *Id.* at 990. As in the instant matter, the debtor claimed that the automatic stay tolled the state law period to cure a default. District Court Judge Guy ruled that the provisions of § 108[b]

must control over § 362 in the situation before him, holding this to be so because § 108[b] explicitly addresses the issue of extension of time to cure, whereas § 362[a] does not. *Id.* at 994. The District Court unequivocally held that the automatic stay does not toll the running of the statutory period found in § 108[b]. *Id.*

This Court is in full agreement with the court in *Bank of the Commonwealth.* It is evident that § 108[b] was meant to stand alone in establishing certain periods of time within which a debtor can cure a default. The automatic stay of § 362 was designed for many purposes, but not to act as a toll on the effects of § 108[b]. Accordingly, the debtor's argument must fail.

In conclusion, having found that the debtor's time to cure his default has expired by the lapse of time, and having ruled that § 362 is not a toll upon the running of the time provided for in § 108[b], this Court, finding no further obstacles, will permit a remand of the proceeding relating to the confirmation of the sheriff's sale of the property at issue to the state court.

Submit an order in accordance with the above.