■ STEVEN D. WEINER, Plaintiff, v SPRINT MORTGAGE BANKERS CORP. et al., Defendants. EDWARD ZINKER, Third-Party Plaintiff-Appellant, v CHEMICAL BANK, Third-Party Defendant-Respondent. (And Related Third-Party Actions.) [652 NYS2d 629] —In an action for a judgment declaring a mortgage null and void, in which a sixth-party action was commenced to recover

the proceeds of two checks, the sixth-party plaintiff, Edward Zinker, as Trustee in Bankruptcy for Sprint Mortgage Bankers Corp., appeals from so much of an order of the Supreme Court, Nassau County (O'Brien, J.), entered October 16, 1995, as granted the motion of the sixth-party defendant, Chemical Bank, for summary judgment dismissing the sixth-party complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The instant sixth-party action was brought by the Trustee in Bankruptcy of SprintMortgage Bankers Corp. (hereinafter Sprint), to recover the proceeds of two checks which were allegedly endorsed by unauthorized persons, who forged the names of the individuals to whom the checks were written. Here, it is undisputed that Sprint received the cancelled checks which allegedly contained the forged endorsements and the bank statements relating to those checks on or about December 27, 1988. Neither the appellant nor Sprint notified the payer bank of the alleged unauthorized endorsements until the instant sixth-party action was commenced by the Trustee in Bankruptcy for Sprint in May 1993, nearly two years after June 27, 1991, the date of the order for relief in the bankruptcy proceeding.

Pursuant to UCC 4-406 (4), a customer who claims a check contains an unauthorized endorsement must discover and report the unauthorized endorsement to the bank within three years "from the time the statement and items are made available to the customer" or "is precluded from asserting against the bank such unauthorized * * * indorsement" (see, Touro Coll. v Bank Leumi Trust Co., 186 AD2d 425).

11 USC § 108 (b) gives a trustee in bankruptcy extensions of time to commence an action or file "any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act". Pursuant to 11 USC § 108 (a), if the period within which the debtor may commence an action has not expired before the date of filing of the bankruptcy petition, the trustee's time to commence the action is extended until the expiration of the period of limitations or "two years after the order for relief". However, if the time limit to be extended does not apply to the commencement of an action, but involves the filing of "any pleading, demand, notice, or proof of claim or loss, cur[ing] a default, or preform[ing] any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure or perform * * * before the later of—(1) the end of such period * * * or (2) 60 days after the order for relief" (11 USC § 108 [b]).

The appellant contends that 11 USC § 108 (a) afforded him an additional two years from June 27, 1991—the date Sprint obtained an order for relief in bankruptcy—within which to report the fraud. However, UCC 4-406 (4) is not a Statute of Limitations "fixing the time within which action may be brought" *(Billings v East Riv. Sav. Bank,* 33 AD2d 997). Rather, it is a "rule of substantive law" which creates a "statutory prerequisite of notice" *(Billings v East Riv. Sav. Bank, supra,* at 997; *see, Spears Carpet Mills v Century Natl. Bank,* 85 Bankr 86, 88; *Jensen v Essexbank,* 396 Mass 65, 66, 483 NE2d 821, 822).

When a Statute of Limitations also constitutes a "statutory prerequisite" the extension of time in bankruptcy is governed by 11 USC § 108 (a), which applies to time limits for commencing actions, whether they be substantive or procedural *(see, Dower v Bomar,* 313 F2d 596, 598-599; *Engstrom v De Vos,* 81 F Supp 854, 858-859, *affd sub nom. Schneidmiller v Engstrom,* 177 F2d 196; *In re TCI, Ltd.,* 21 Bankr 876, 879; 2 Collier, Bankrutpcy Law § 108.02 [15th ed 1996]). However, the giving of notice pursuant to UCC 4-406 (4) does not require the commencement of an action *(see, Woods v MONY Legacy Life Ins. Co.,* 84 NY2d 280, 283). Where the time limit in issue does not require the commencement of an action within that period, the extension of time in bankruptcy is governed by 11 USC § 108 (b) *(see, Eagle-Picher Indus. v United States,* 937 F2d 625, 639-640; *Federal Ins. Co. v Sheldon,* 150 Bankr 314, 320-321; 2 Collier, Bankruptcy Law § 108.03 [15th ed 1996]; *cf., In re TCI, Ltd., supra).* Thus, the appellant had three years from December 27, 1988, or 60 days from June 27, 1991, whichever was later, to give written notice of the allegedly forged endorsements. Since the appellant never notified the bank of the allegedly forged endorsements until May 1993 when he commenced the instant action, the court properly dismissed the sixth-party complaint as barred by UCC 4-406 (4). Rosenblatt, J. P., Sullivan, Altman and Goldstein, JJ., concur.