■ ALBERT NOTARNICOLA et al., Appellants, v LAFAYETTE FARMS, INC., et al., Defendants, and JOSEPH TURTURRO et al., Respondents. [733 NYS2d 91] —In an action pursuant to RPAPL 1501 (4) to cancel and discharge a mortgage, the plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County (Dunn, J.), dated August 9, 2000, as denied their motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of an appropriate judgment discharging and cancelling the subject mortgage.

On March 25, 1977, the plaintiffs entered into a mortgage agreement with the defendant Joseph Turturro (hereinafter Turturro), to secure a loan to the plaintiffs of $55,000. The mortgage provided for monthly installments commencing on April 25, 1977, and continuing until March 25, 1982. It is undisputed that no payment was ever made under the mortgage. Although Turturro had the option to accelerate the whole mortgage upon the failure to make any payment, he

never exercised that option. The mortgage also contained a clause which gave Turturro the option to accelerate the entire mortgage if the property was transferred. The property was transferred in 1999 and the plaintiffs commenced this action to cancel and discharge the mortgage given to Turturro based on the expiration of the Statute of Limitations. The plaintiffs moved for summary judgment and Turturro opposed, asserting that the "due on transfer" clause tolled the Statute of Limitations until the property was transferred. The Supreme Court denied the motion stating that issues of fact exist regarding the intent of the parties in including the "due on transfer" clause in the mortgage. We reverse the order insofar as appealed from.

The law is settled that: "with respect to a mortgage payable in installments, there are separate causes of action for each installment accrued, and the Statute of Limitations [begins] to run on the date each installment [becomes] due' unless the mortgage debt is accelerated * * * Once the mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire mortgage debt." (*Loiacono v Goldberg,* 240 AD2d 476, 477 [internal quotations omitted]; *see also, Reliance Fed. Sav. Bank v Altman,* 269 AD2d 380; *Federal Natl. Mtge. Assn. v Mebane,* 208 AD2d 892; *Pagano v Smith,* 201 AD2d 632.)

Here, the six-year Statute of Limitations under CPLR 213 (4) began to run upon the plaintiffs' failure to make each installment payment. Because Turturro never exercised his option to accelerate the entire mortgage debt, the mortgage matured on March 25, 1982, the date of the last scheduled payment. Accordingly, the Statute of Limitations expired on March 25, 1988.

There is no merit to Turturro's contention that the "due on transfer" clause of the mortgage operated to toll the Statute of Limitations until the property was transferred. The plain language of that clause indicates that it is an optional acceleration clause which had to be exercised prior to maturity. No transfer occurred prior to maturity and therefore the clause is without effect. Accordingly, the plaintiffs are entitled to summary judgment.

In light of our determination, we need not reach the plaintiffs' remaining contentions. Ritter, J. P., Feuerstein, Smith and Adams, JJ., concur.