■ EDWARD ZINKER, Respondent, v CELIA MAKLER, Defendant, BARRY BENDETT et al., Appellants, et al., Defendants. [748 NYS2d 780] —In an action to foreclose a mortgage, the defendants Barry Bendett and Joy Bendett appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Nassau County (Alpert, J.), dated June 7, 2001, as granted the plaintiff's motion for summary judgment striking their affirmative defenses and for the appointment of a referee to compute sums reportedly due, and (2) an order of the same court, dated October 22, 2001, as denied their motion for leave to renew and reargue.

Ordered that the appeal from so much of the order dated October 22, 2001, as denied that branch of the motion which was for leave to reargue is dismissed, as no appeal lies from an order denying leave to reargue; and it is further,

Ordered that the order dated June 7, 2001, is reversed insofar as appealed from, on the law, the plaintiff's motion is denied, and, upon searching the record, summary judgment is granted to the appellants dismissing the complaint insofar as asserted against them; and it is further,

Ordered that the appeal from so much of the order dated October 22, 2001, as denied that branch of the motion which was for leave to renew is dismissed as academic in light of our determination of the appeal from the order dated June 7, 2001; and it is further,

Ordered that one bill of costs is awarded to the appellants.

Although the appellants never cross-moved for summary

judgment dismissing the foreclosure action, they may raise on appeal the Supreme Court's failure to grant them that relief because both the Supreme Court and this Court have the authority pursuant to CPLR 3212 (b) to search the record and award summary judgment to a nonmoving party (*see* CPLR 3212 [b]; *QDR Consultants & Dev. Corp. v Colonia Ins. Co.,* 251 AD2d 641, 643; *Dunham v Hilco Constr. Co.,* 89 NY2d 425; *Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106). Moreover, the issue raised by the appellants was the subject of the motion before the Supreme Court (*see Dunham v Hilco Constr. Co., supra*).

The statute of limitations in a mortgage foreclosure action begins to run six years from the due date for each unpaid installment or the time the mortgagee is entitled to demand full payment, or when the mortgage debt has been accelerated (*see Serapilio v Staszak,* 255 AD2d 824; *Loiacono v Goldberg,* 240 AD2d 476, 477; *Pagano v Smith,* 201 AD2d 632, 633). Furthermore, 11 USC § 108 (a) provides that if the period within which the debtor may commence an action has not expired before the date of filing of a bankruptcy petition, the bankruptcy trustee's time to commence the action is extended until the later of the expiration of the period of limitations or "two years after the order for relief" (*Weiner v Sprint Mtge. Bankers Corp.,* 235 AD2d 472, 473).

In this case, the mortgage contained a final payment provision which stated that the entire debt must be paid by November 1, 1992. Thus, under CPLR 213 (4), the mortgagee had until November 1, 1998, to commence a foreclosure action against the appellants. On June 27, 1991, the mortgagee filed for bankruptcy. Pursuant to 11 USC § 301, "commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter." Shortly thereafter, the plaintiff was appointed trustee of the mortgagee's estate. Therefore, pursuant to 11 USC § 108 (a), the plaintiff had until the later of two years after the bankruptcy petition was filed, i.e. June 27, 1993, or until the end of the applicable limitations period, i.e., November 1, 1998, to commence a foreclosure action against the appellants. However, the plaintiff did not commence this foreclosure action until November 30, 2000, more than two years after the statutory period had expired.

The record does not support the plaintiff's theory that an order of the Supreme Court, Nassau County, dated October 15, 1990, in an unrelated proceeding restraining the mortgagee from taking certain actions, operated as a stay on foreclosure actions, thus tolling the statute of limitations.

Accordingly, upon searching the record, the appellants are granted summary judgment dismissing the foreclosure action insofar as asserted against them as time-barred.

In light of the foregoing analysis, the appellants' remaining contentions need not be reached. O'Brien, J.P., Krausman, Townes and Cozier, JJ., concur.