■ SALVATORE PLAIA, Respondent, v ANTONIO SAFONTE et al., Appellants, et al., Defendants. [847 NYS2d 101]—

In an action to foreclose a mortgage, the defendants Antonio Safonte and Joanne Safonte appeal from so much of an order of the Supreme Court, Kings County (Steinhardt, J.), dated May 4, 2006, as denied their cross motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

On July 7, 1988 the defendants Antonio Safonte and Joanne Safonte (hereinafter the defendants) executed and delivered to the plaintiff a note in the amount of $50,000, which was secured by a mortgage of the same date for the subject premises. The mortgage provided that the debt was to be paid "in equal monthly installments self amitorizing [*sic*] over fifteen (15) years at ten (10) percent per annum in the amount of $537.31 . . . to commence on August 7, 1988 and to be made on the seventh day of each month thereafter until August 7, 1999 when the entire unpaid principal balance plus interest accrued shall be fully due and payable." The mortgage contained an optional acceleration clause, and a provision prohibiting oral modification. It is undisputed that the defendants have made no payments to the plaintiff since November 1995.

The statute of limitations in a mortgage foreclosure action begins to run from the due date for each unpaid installment, or from the time the mortgagee is entitled to demand full payment, or from the date the mortgage debt has been accelerated (*see Zinker v Makler*, 298 AD2d 516, 517 [2002]; *Notarnicola v Lafayette Farms*, 288 AD2d 198, 199 [2001]; *EMC Mtge. Corp. v Patella*, 279 AD2d 604, 605 [2001]; *Loiacono v Goldberg*, 240 AD2d 476, 477 [1997]). Here, the plaintiff commenced a previous foreclosure action on October 12, 2000, which was later dismissed on procedural grounds, and commenced the instant action on October 17, 2005.

The defendants made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that the plaintiff failed to bring an action to foreclose the subject mortgage within the applicable six-year statute of limitations (*see* CPLR 213 [4]; *Rack v Rushefsky*, 5 AD3d 753 [2004]; *Zinker v Makler*, 298

AD2d at 517). In particular, the defendants contended that the subject "balloon mortgage" contained a final payment provision which stated that the entire debt must be paid by August 7, 1999. Thus, they alleged that under CPLR 213 (4), the instant action was time-barred because it was not commenced by August 7, 2005. In opposition, the plaintiff raised triable issues of fact, inter alia, as to when the parties intended the mortgage to mature—specifically, whether the parties intended the mortgage to mature on August 7, 1999, or on August 7, 2003, when the final monthly installment became due based upon the self amortization schedule (*see Biscone v Carnevale*, 186 AD2d 942, 944 [1992]).

Accordingly, the Supreme Court properly denied the defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them. Miller, J.P., Lifson, Angiolillo and McCarthy, JJ., concur.