■ CHARLES F. DAMICK, JR., Appellant, v CITY OF GENEVA, Respondent. [57 NYS3d 597]—

Appeal from a judgment of the Supreme Court, Ontario County (Frederick G. Reed, A.J.), entered January 21, 2016. The judgment, inter alia, dismissed the complaint.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking to vacate a default judgment of foreclosure entered in an underlying in rem tax foreclosure proceeding, and to vacate the tax foreclosure deed by which defendant acquired title to plaintiff's property. Plaintiff appeals from a judgment that granted defendant's motion to dismiss the complaint for failure to state a cause of action and to vacate a lis pendens filed by plaintiff, and that denied plaintiff's cross motion for summary judgment.

Plaintiff contends that the default judgment was prematurely granted inasmuch as plaintiff's time to answer or redeem his property in the tax foreclosure proceeding was extended pursuant to 11 USC § 108 (c) based on plaintiff's previously pending bankruptcy proceeding. We reject plaintiff's contention. That statute does not extend the time in which a debtor in a bankruptcy proceeding may file a pleading or cure a default in a separate proceeding. Rather, it extends the time in which a litigant must act in "commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor" (§ 108 [c]; *see generally Husmann v Trans World Airlines, Inc.*, 169 F3d 1151, 1153-1154 [1999]; *Rogers v Corrosion Prods., Inc.*, 42 F3d 292, 295-297 [1995], *cert denied* 515 US 1160 [1995]; *Aslanidis v United States Lines, Inc.*, 7 F3d 1067, 1072-1073 [1993]).

The applicable provision here is 11 USC § 108 (b), which provides that, "if applicable nonbankruptcy law . . . fixes a period within which the debtor . . . may file any pleading, . . . cure a default, or perform any other similar act, . . . the trustee may only file, cure, or perform . . . before the later of-(1) the end of such period . . . ; or (2) 60 days after the order of relief" (§ 108 [b]; *see Weiner v Sprint Mtge. Bankers Corp.*, 235 AD2d 472, 473-474 [1997], citing *Eagle-Picher Indus., Inc. v United States*, 937 F2d 625, 639-640 [1991]; *Matter of Flores*, 55 BR 210, 211 [Bankr D NJ 1985]), i.e., before the later of the deadline (as temporarily automatically stayed because of the bankruptcy filing) for answering or redeeming the property in the underlying tax foreclosure proceeding, or 60 days after the onset of that automatic stay in the bankruptcy proceeding. We conclude that, pursuant to 11 USC § 108 (b), and under the particular facts of this case, plaintiff's time for filing an answer

or redeeming his property expired on September 16, 2014. The bankruptcy proceeding commenced on January 13, 2014, and on that date four days remained for plaintiff to answer or redeem the property in the tax foreclosure proceeding. The bankruptcy case and the automatic stay were dismissed on September 12, 2014, and thus plaintiff's time to answer or redeem the property expired four days later. We therefore conclude that defendant did not prematurely seek a default judgment on September 18, 2014. Present—Centra, J.P., Peradotto, Carni, NeMoyer and Curran, JJ.