Prand Corp. v Gardiner (2019 NY Slip Op 07631)





Prand Corp. v Gardiner


2019 NY Slip Op 07631


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
HECTOR D. LASALLE, JJ.


2016-09541
 (Index No. 15209/12)

[*1]Prand Corp., appellant, 
v
Olney M. Gardiner, respondent (and a third-party action).


Hamburger, Maxson, Yaffee & McNally, LLP, Melville, NY (Richard Hamburger of counsel), for appellant.
Ira Bierman, Jericho, NY, for respondent.



DECISION & ORDER
In an action, inter alia, pursuant to CPLR 3001 for a judgment declaring that the defendant's rights under a certain note and mortgage are time-barred, and pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (W. Gerard Asher, J.), dated August 5, 2016. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment on the second cause of action, and granted those branches of the defendant's cross motion which were for leave to amend his answer to assert proposed first and fourth affirmative defenses and proposed second, third, and fourth counterclaims.
ORDERED that the order is modified, on the facts and in the exercise of discretion, by deleting the provisions thereof granting those branches of the defendant's cross motion which were for leave to amend his answer to assert proposed first and fourth affirmative defenses and proposed second, third, and fourth counterclaims, and substituting therefor provisions denying those branches of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
On April 7, 2003, the plaintiff executed a note in the sum of $702,159.11 in favor of the defendant. The note had a maturity date of April 7, 2008, and payments, consisting of interest only, were to be made quarterly. The note was secured by a mortgage on a six-acre parcel of property in East Hampton (hereinafter the property).
In May 2012, the plaintiff commenced this action against the defendant, alleging, in relevant part, that the defendant accelerated the underlying debt in November 2004, and failed to commence an action to foreclose the mortgage or otherwise collect on the note within six years thereafter. Insofar as relevant to this appeal, the plaintiff sought, in its second cause of action, a judgment pursuant to CPLR 3001 declaring that any claims under the note and mortgage were time-barred, and pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage.
The defendant served an answer, which set forth general denials but no affirmative defenses or counterclaims. On December 27, 2012, the plaintiff conveyed the property to the Town [*2]of East Hampton. The attorney who initially appeared on behalf of the defendant was disbarred in 2014.
Thereafter, in March 2015, the plaintiff moved for summary judgment on its second cause of action. The defendant, represented by new counsel, cross-moved pursuant to CPLR 3025(b) for leave to amend his answer to assert various affirmative defenses and counterclaims, including first and fourth affirmative defenses based on the plaintiff's alleged lack of standing to commence the action, and second, third, and fourth counterclaims based on the plaintiff's failure to pay off the mortgage at the time it sold the property to the Town. The Supreme Court, inter alia, denied the plaintiff's motion for summary judgment on the second cause of action, and granted those branches of the defendant's cross motion which were for leave to amend his answer to assert his proposed first and fourth affirmative defenses and his proposed second, third, and fourth counterclaims. The plaintiff appeals from those portions of the order.
As a threshold matter, we agree with the Supreme Court's determination that the plaintiff was not entitled to the declaratory relief sought in the second cause of action. The bar of the statute of limitations is an affirmative defense, which may be waived if not asserted in a responsive pleading or by motion prior to the submission of a responsive pleading (see CPLR 3211[e]; 352 Legion Funding Assoc. v 348 Riverdale, LLC, 164 AD3d 551, 552-553). "Before an action is even commenced, any declaration as to the applicability of a period of limitations is purely advisory, since it can have no immediate effect and may never resolve anything" (Employers' Fire Ins. Co. v Klemons, 229 AD2d 513, 514 [internal quotation marks omitted]).
However, once the applicable statute of limitations for the commencement of an action to foreclose a mortgage has expired, RPAPL 1501(4) expressly permits "any person having an estate or interest in the real property subject to such encumbrance" to maintain an action to secure the cancellation and discharge of record of such encumbrance. Here, we do not agree with the Supreme Court's conclusion that the sale of the property to the Town in December 2012, while this action was pending, rendered academic the portion of the plaintiff's second cause of action which sought relief under RPAPL 1501(4), since the law expressly allows the action to be continued by the original party even after a transfer of interest (see CPLR 1018; see J.C. Tarr, Q.P.R.T. v Delsener, 70 AD3d 774, 779), and it is otherwise undisputed that the plaintiff owned the subject property at the time the action was commenced. Nevertheless, the plaintiff failed to establish its prima facie entitlement to relief under RPAPL 1501(4) since it did not demonstrate, as alleged in the complaint, that the mortgage debt had been accelerated in November 2004, and that the six-year statute of limitations (see CPLR 213[4]) had already expired before this action was commenced. Accordingly, the plaintiff's motion for summary judgment on the second cause of action was properly denied regardless of the sufficiency of the defendant's opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Wilson 3 Corp. v Deutsche Bank Natl. Trust Co., 172 AD3d 960, 962).
However, the Supreme Court improvidently exercised its discretion in granting those branches of the defendant's cross motion which were for leave to amend his answer to assert his proposed first and fourth affirmative defenses and second, third, and fourth counterclaims. "Although leave to amend should be freely given in the absence of prejudice or surprise to the opposing party (see CPLR 3025[b]), the motion should be denied where the proposed amendment is palpably insufficient or patently devoid of merit" (J.W. Mays, Inc. v Liberty Mut. Ins. Co., 153 AD3d 1386, 1387).
Here, the defendant's proposed first and fourth affirmative defenses, which asserted that the plaintiff lacked standing to commence the action, were palpably insufficient and patently devoid of merit, as it was undisputed that the plaintiff was the obligor on the note, the mortgagor, as well as the owner of the property at the time the action was commenced. The defendant's proposed second, third, and fourth counterclaims, which alleged that the plaintiff's failure to satisfy the mortgage when the property was sold to the Town in December 2012 amounted to a breach of the "due on sale" clause of the mortgage, were also palpably insufficient and patently devoid of merit. The "due on sale" clause, which granted the defendant an option to accelerate the debt [*3]secured by the mortgage in the event of a sale of the property, was "an optional acceleration clause which had to be exercised prior to maturity" (Notarnicola v Lafayette Farms, 288 AD2d 198, 199). Since the debt matured in April 2008, the "due on sale" clause had already become irrelevant and without effect well before the property was sold to the Town (see id. at 199).
In light of our determination, we need not reach the plaintiff's remaining contention.
To the extent the defendant seeks review of the Supreme Court's denial of that branch of his cross motion which was for leave to amend his answer to assert his proposed seventh counterclaim for foreclosure, the defendant did not cross-appeal from the order and, therefore, the issue is not properly before this Court (see Lane v Smith, 84 AD3d 746, 749).
BALKIN, J.P., CHAMBERS, AUSTIN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court