JOSEPH LOIACONO, Appellant, v MORRIS GOLDBERG et al., Respondents, et al., Defendants. [658 NYS2d 138] —In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Westchester County (Coppola, J.), entered March 22, 1996, which granted the motion of the defendants Morris Goldberg and Janice Goldberg to dismiss the action.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted that branch of the motion which was to dismiss the plaintiff's causes of action to recover installments due after October 1989 and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiff.

The original mortgage and note between the plaintiff and the defendants Morris Goldberg and Janice Goldberg provided that payment of the mortgage debt could be accelerated on default only upon the option of the mortgagee. Thereafter, when the mortgagors defaulted, the parties entered into a modification agreement which provided that the mortgage debt "shall become immediately due and payable" if the mortgagors' default continued for a period of 10 days. However, that agreement further provided that "this Agreement does not in any way impair any of the rights of the [mortgagee] under [the mortgage]", and that the mortgagee had the right to renew, extend, or modify the amount due without notice to the mortgagors.

The mortgagors again defaulted in October 1988. The plaintiff commenced a foreclosure action in 1990, which was dismissed in 1992 when it failed to timely seek leave to enter a default judgment. A second action was then commenced, which was dismissed in 1993, on the ground of improper service. The plaintiff then re-served the defendants and obtained a judgment on default, which was vacated in July 1995 because the plaintiff had not obtained a new index number. The instant action was commenced in 1995, and the defendants moved to dismiss it on the ground, *inter alia,* that it was time-barred, since, according to the modification agreement, the entire

mortgage debt became due and payable upon their default in 1988, more than six years earlier.

The law is well settled that with respect to a mortgage payable in installments, there are "separate causes of action for each installment accrued, and the Statute of Limitations [begins] to run, on the date each installment [becomes] due" unless the mortgage debt is accelerated *(Pagano v Smith,* 201 AD2d 632, 633; see, *Khoury v Alger,* 174 AD2d 918). Once the mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire mortgage debt *(see, Federal Natl. Mtge. Assn. v Mebane,* 208 AD2d 892, 894).

In the instant case, although the modification agreement provided for automatic acceleration of the mortgage debt upon a default of 10 days, that agreement further provided that the amount due could be extended without notice to the mortgagors, and further that the modification agreement did not impair the mortgagee's rights under the mortgage. The mortgage gave the mortgagee the option to exercise the acceleration clause *(see, Batchelder v Council Grove Water Co.,* 131 NY 42; *Golden v Ramapo Improvement Corp.,* 78 AD2d 648). Accordingly, we find that acceleration of the mortgage debt was at the option of the mortgagee, and recovery of installments due within six years of the commencement of the instant action is not time-barred *(see, Pagano v Smith, supra).* Although this contention is raised for the first time on appeal, it involves a pure question of law which appeared on the face of the record and therefore may be considered at this juncture *(see, Libeson v Copy Realty Corp.,* 167 AD2d 376, 377).

Moreover, service of process upon the defendant Morris Goldberg was properly effected *(see, Bossak v Steinberg,* 58 NY2d 916, 918).

The appellant's remaining contentions are without merit. Miller, J. P., Joy, Goldstein and Florio, JJ., concur.