■ ROLS CAPITAL Co., Appellant, v CRAIG BEETEN et al., Respondents, et al., Defendants. [696 NYS2d 48] —In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Bergerman, J.), entered April 29, 1998, as denied its motion for summary judgment on the complaint against the defendants Karin Beeten, Craig Beeten, Lawrence Leder, and Carole Leder, and to strike their answer.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants Karin Beeten, Craig Beeten, Lawrence Leder, and Carole Leder (hereinafter the respondents) were originally named as parties when the plaintiff commenced this action. However, in an order dated June 5, 1997, the Supreme Court dismissed the action against them upon a finding that they had not been properly served with process and that jurisdiction had thus not been acquired over them. No question as to the propriety of the June 5, 1997, order is before this Court on this appeal.

We conclude that the Supreme Court properly denied the plaintiff's motion for summary judgment against the respondents. The plaintiff's service upon the respondents of a new summons with the original complaint under the original index number, without leave and without having filed the supplemental summons with the clerk of the court, was ineffective to either join the respondents to the pending action or to commence a new action against them (see, CPLR 304, 305, 306-a, 1003).

Furthermore, the six-year Statute of Limitations bars the commencement of a new action against the respondents (see, CPLR 213 [4]), since the plaintiff's cause of action for foreclosure accrued on May 28, 1987. It is irrelevant that there remained pending a valid action against other defendants purported to have potential claims in the mortgaged premises. It has not been claimed and does not appear that any of those defendants were united in interest with any of the respondents (see, CPLR 203 [b]; Buran v Coupal, 87 NY2d 173, 177-182; Mondello v New York Blood Ctr.—Greater N. Y. Blood Program, 80 NY2d 219, 226).

In light of our determination, we need not reach the parties' remaining contentions. O'Brien, J. P., Goldstein, Luciano and Schmidt, JJ., concur.