■ EMC MORTGAGE CORPORATION, Appellant-Respondent, v THOMAS J. PATELLA, JR., et al., Respondents-Appellants, et al., Defendants. [720 NYS2d 161] —In an action to foreclose a mortgage, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Cowhey, J.), entered October 25, 1999, as denied its cross motion for summary judgment and to strike the answer of the defendants Thomas J. Patella, Jr., and Christine Patella, and granted that branch of the motion of those defendants which was for summary judgment dismissing the complaint insofar as asserted against them, and the defendants Thomas J. Patella, Jr., and Christine Patella cross-appeal from so much of the same order as purportedly denied those branches of their motion which were to cancel a notice of pendency and direct payment by the plaintiff of their costs and expenses, and for summary judgment on their counterclaims insofar as they sought judgment vacating the notice of pendency and declaring the note, mortgage, and consolidation agreement null and void.

Ordered that the cross appeal is dismissed; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the defendants Thomas J. Patella, Jr., and Christine Patella are awarded one bill of costs payable by the plaintiff.

The original consolidated note and mortgage between the defendant mortgagors Thomas J. Patella, Jr., and Christine Patella (hereinafter the Patellas) and the mortgagee Dime Savings Bank of New York, FSB (hereinafter Dime) provided that the payment of the mortgage debt could be accelerated on default at Dime's option. Thereafter, when the Patellas allegedly defaulted, Dime indicated that it was exercising its option to call in the mortgage and demanded payment of the entire mortgage debt by letter to them dated August 20, 1992. Subsequently, by filing a summons and complaint, both dated September 14, 1992, Dime commenced a foreclosure action.

After an unsuccessful summary judgment motion, the Supreme Court, Westchester County, dismissed Dime's foreclosure action as a result of its failure to appear at a certification conference. Although Dime was provided with the opportunity to move to vacate its default, it failed to do so.

Thereafter, the mortgage went through a series of assignments, and ultimately, on March 21, 1997, it was assigned to the plaintiff. By letter dated February 26, 1998, the plaintiff notified the Patellas of its intention to commence foreclosure proceedings and demanded payment of the mortgage debt. Then, by the filing of a summons and complaint, both dated April 28, 1999, the plaintiff commenced the instant foreclosure action. The Patellas moved for summary judgment dismissing the complaint insofar as asserted against them on the ground, *inter alia*, that the action was time-barred, since the entire mortgage debt became due and payable upon their alleged default more than six years earlier.

The law is well settled that, even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt (*see, Rols Capital Co. v Beeten,* 264 AD2d 724; *Loiacono v Goldberg,* 240 AD2d 476, 477). As this Court stated in *Federal Natl. Mtge. Assn. v Mebane* (208 AD2d 892), once a mortgage debt is accelerated, "the borrowers' right and obligation to make monthly installments ceased and all sums [become] immediately due and payable," and the six-year Statute of Limitations begins to run on the entire mortgage debt (*Federal Natl. Mtge. Assn. v Mebane, supra,* at 894).

In this case, it is undisputed that in 1992 Dime notified the Patellas that their mortgage debt was being accelerated. Accordingly, at that point in time, the entire mortgage debt

became due, and the Statute of Limitations began to run. Although a lender may revoke its election to accelerate the mortgage, the dismissal of the prior foreclosure action by the court did not constitute an affirmative act by the lender revoking its election to accelerate, and the record is barren of any affirmative act of revocation occurring during the six-year Statute of Limitations period subsequent to the initiation of the prior action (*see, Federal Natl. Mtge. Assn. v Mebane, supra*, at 894). Consequently, this foreclosure action is time-barred (*see*, CPLR 213 [4]).

Contrary to the Patellas' contentions, the court did not deny those branches of their motion which were to vacate the notice of pendency and to award them costs and expenses, or which were for summary judgment on their counterclaims seeking to vacate the notice of pendency and to declare the mortgage, note, and consolidated agreement null and void. The court failed to address those issues. Accordingly, those branches of the motion remain pending and undecided (*see, Katz v Katz*, 68 AD2d 536). Bracken, Acting P. J., O'Brien, Santucci and Florio, JJ., concur.