■ WELLS FARGO BANK, N.A., Appellant, v CHANA COHEN, Heir to the Estate of EDITH POWELL, Deceased, et al., Respondents, et al., Defendants. [915 NYS2d 569]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Schack, J.), dated June 19, 2009, which denied its motion for summary judgment on the complaint and granted the cross motion of the defendant Chana Cohen, in effect, to dismiss the complaint insofar as asserted against her on the ground that the action is barred by the statute of limitations.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof granting that branch of the cross motion of the defendant Chana Cohen which was, in effect, to dismiss the complaint insofar as asserted against her on the ground that the action is barred by the statute of limitations to the extent that the complaint relates to unpaid mortgage installments which accrued on or after July 1, 2002, and substituting therefor a provision denying that branch of the cross motion, and (2) deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment with respect to those causes of action which relate to unpaid mortgage installments which accrued on or after July 1, 2002, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

In this mortgage foreclosure action, the default in payment occurred in June 2000 but the action was not commenced until June 2008. The Supreme Court dismissed the complaint, concluding the action was time-barred because "[m]ore than six years elapsed since the last mortgage payment was made and the mortgage balance was accelerated." However, the mortgage and note do not provide that the entire debt represented by the mortgage was to be automatically accelerated upon the borrower's default in an installment payment, nor did the plaintiff ever exercise its option under the note to accelerate the debt. Therefore, the statute of limitations for the commencement of a foreclosure action did not expire six years after the June 2000 default (see CPLR 213 [4]).

"[W]ith respect to a mortgage payable in installments, there are 'separate causes of action for each installment accrued, and the Statute of Limitations [begins] to run, on the date each installment [becomes] due' " (Loiacono v Goldberg, 240 AD2d 476, 477 [1997], quoting Pagano v Smith, 201 AD2d 632, 633 [1994]; see Lavin v Elmakiss, 302 AD2d 638, 639 [2003]; Zinker v Makler, 298 AD2d 516 [2002]). Accordingly, even though the last payment on the subject mortgage was June 2000, and this action was not commenced until June 2008, the entire action is not time-barred. Instead, as the plaintiff conceded before the Supreme Court, in the event that it prevailed in this action, its recovery would be limited to only those unpaid installments which accrued within the six-year period of limitations preceding its June 2008 commencement of this foreclosure action, that is, the unpaid installments which accrued on or after July 1, 2002 (see EMC Mtge. Corp. v Suarez, 49 AD3d 592, 593 [2008]; see generally Lavin v Elmakiss, 302 AD2d 638 [2003]; Loiacono v Goldberg, 240 AD2d 476 [1997]).

The plaintiff is also entitled to summary judgment with respect to so much of its complaint which is not time-barred. A plaintiff in an action to foreclose a mortgage establishes its case as a matter of law through the production of the mortgage, the unpaid note, and evidence of default (*see Grogg v South Rd. Assoc., L.P.*, 74 AD3d 1021 [2010]; *Campaign v Barba*, 23 AD3d 327 [2005]; *DiNardo v Patcam Serv. Sta.*, 228 AD2d 543 [1996]). Once the plaintiff has made such a showing, it is then incumbent upon the defendant to assert any defenses which could properly raise a triable issue of fact regarding the default (*see Grogg v South Rd. Assoc., L.P.*, 74 AD3d 1021 [2010]; *Metropolitan Distrib. Servs. v DiLascio*, 176 AD2d 312 [1991]).

Here the plaintiff produced the mortgage, the unpaid note, and evidence of default. In opposition thereto, the respondent Chana Cohen only argued that the action was barred by the statute of limitations, which, as explained above, is only a valid defense with respect to so much of the plaintiff's causes of action which accrued prior to July 1, 2002. To the extent that Cohen has raised other issues which she contends are sufficient to defeat summary judgment in favor of the plaintiff, these issues are improperly raised for the first time on appeal (*see Bingham v New York City Tr. Auth.*, 99 NY2d 355 [2003]; *Fletcher v Westbury Toyota, Inc.*, 67 AD3d 730 [2009]).

Accordingly, the plaintiff's motion for summary judgment should have been granted to the extent set forth above. Skelos, J.P., Balkin, Leventhal and Sgroi, JJ., concur.