■ NMNT Realty Corp., Appellant, v Knoxville 2012 Trust, Respondent, et al., Defendants. [58 NYS3d 118]—

In an action pursuant to RPAPL 1501 (4) to cancel and discharge of record a mortgage, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Pastoressa, J.), dated January 29, 2015, as denied its cross motion for summary judgment on the complaint insofar as asserted against the defendant Knoxville 2012 Trust.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 2003, the plaintiff's predecessors-in-interest (hereinafter the mortgagors) executed a mortgage in favor of Washington Mutual Bank, FA (hereinafter WAMU), that encumbered a parcel of real property located in Smithtown, Suffolk County (hereinafter the property), owned by the mortgagors. The mortgage secured a note executed by one of the mortgagors, pursuant to which he promised to repay the underlying loan in the sum of $918,000. In 2004, WAMU assigned the note and mortgage to Homecomings Financial Network, Inc. (hereinafter Homecomings).

The mortgagors defaulted by failing to make the monthly mortgage payment due on December 1, 2003, and any payments thereafter. On July 27, 2006, Homecomings commenced an action to foreclose the mortgage. Among other things, the complaint stated that Homecomings "has elected and hereby elects to declare immediately due and payable the entire unpaid balance of principal." A judgment of foreclosure and sale was obtained, but Homecomings subsequently moved to discontinue the action and vacate the judgment. By order dated September 22, 2011, the Supreme Court granted the motion. In February 2012, the plaintiff purchased the property from the mortgagors. The note and the mortgage were subsequently assigned to the defendant Knoxville 2012 Trust (hereinafter Knoxville).

In May 2013, the plaintiff commenced this action pursuant to RPAPL 1501 (4) to cancel and discharge of record the mortgage on the ground that any action to foreclose was barred by the statute of limitations. Knoxville moved for summary judgment dismissing the complaint insofar as asserted against it, and the plaintiff cross-moved for summary judgment on the complaint insofar as asserted against Knoxville. The Supreme Court denied the motion and the cross motion, and the plaintiff appeals.

RPAPL 1501 (4) provides that "[w]here the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage . . . has expired," any person with an estate or interest in the property may maintain an action "to secure the cancellation and discharge of record of such encumbrance, and to adjudge the estate or interest of the plaintiff in such real property to be free therefrom" (RPAPL 1501 [4]; see JBR Constr. Corp. v Staples, 71 AD3d 952, 953 [2010]). An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213 [4]; Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986 [2016]; Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867 [2016]; Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982 [2012]). " '[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due, and the Statute of Limitations begins to run on the entire debt' " (Nationstar Mtge., LLC v Weisblum, 143 AD3d at 867, quoting EMC Mtge. Corp. v Patella, 279 AD2d 604, 605 [2001]; see Wells Fargo Bank, N.A. v Burke, 94 AD3d at 982). A lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation

of the prior foreclosure action (*see EMC Mtge. Corp. v Patella*, 279 AD2d at 606).

Here, in support of its cross motion for summary judgment on the complaint insofar as asserted against Knoxville, the plaintiff submitted, inter alia, a copy of the verified complaint that commenced Homecomings' prior foreclosure action against the mortgagors, in which Homecomings specifically stated that it had "elected and hereby elects to declare immediately due and payable the entire unpaid balance of principal." This established that the mortgage debt was accelerated on or about July 27, 2006, the date on which the earlier foreclosure action was commenced, and thus, that the applicable six-year statute of limitations had expired by the time the plaintiff commenced the instant action on May 16, 2013. Consequently, the plaintiff established, prima facie, its entitlement to judgment as a matter of law on the complaint insofar as asserted against Knoxville (*see Kashipour v Wilmington Sav. Fund Socy., FSB*, 144 AD3d at 987; *Wells Fargo Bank, N.A. v Burke*, 94 AD3d at 983; *EMC Mtge. Corp. v Smith*, 18 AD3d 602, 603 [2005]; *Clayton Natl. v Guldi*, 307 AD2d 982 [2003]).

In opposition to the plaintiff's showing, the defendant submitted proof that, on August 16, 2011, Homecomings moved for, and on September 22, 2011, was granted, an order that discontinued the foreclosure action, canceled the notice of pendency, and vacated the judgment of foreclosure and sale it had been granted. The defendant thereby raised a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]) as to whether Homecomings' motion "constituted an affirmative act by the lender to revoke its election to accelerate" (*Federal Natl. Mtge. Assn. v Mebane*, 208 AD2d 892, 894 [1994]). Contrary to the plaintiff's contention, this case is distinguishable from the cases in which, because "[t]he prior foreclosure action was never withdrawn by the lender, but rather, dismissed . . . by the court[,] [i]t cannot be said that [the] dismissal by the court constituted an affirmative act by the lender to revoke its election to accelerate" (*id.* at 894; *see Kashipour v Wilmington Sav. Fund Socy., FSB*, 144 AD3d 985 [2016]; *Clayton Natl. v Guldi*, 307 AD2d 982 [2003]; *EMC Mtge. Corp. v Patella*, 279 AD2d at 606). The Supreme Court properly found that the mortgagors' conclusory statements that the "Order of Discontinuance was the result of procedural deficiencies in the proceedings," contained in the affidavits submitted by the plaintiff in support of its cross motion, do not disprove an affirmative act of revocation (*see Zuckerman v City of New York*, 49 NY2d at 562).

The parties' remaining arguments have been rendered academic in light of our determination. Chambers, J.P., Miller, Hinds-Radix and LaSalle, JJ., concur.