Deutsche Bank Natl. Trust Co. v Adrian (2018 NY Slip Op 00543)





Deutsche Bank Natl. Trust Co. v Adrian


2018 NY Slip Op 00543


Decided on January 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2015-08586
 (Index No. 501698/14)

[*1]Deutsche Bank National Trust Company, etc., appellant,
v
Barrington Adrian, respondent, et al., defendants.


Rosicki, Rosicki & Associates, P.C., Plainview, NY (Owen Robinson and Shawn Brenhouse of counsel), for appellant.
Jason Sona, Pomona, NY (Shoshana Schneider and Chezki Menashe of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Baily-Schiffman, J.), dated August 6, 2015, which granted the motion of the defendant Barrington Adrian for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is affirmed, with costs.
In November 2006, the defendant Barrington Adrian (hereinafter the defendant) executed a mortgage on his property as security for a note. After the defendant defaulted on his payment obligations, the plaintiff accelerated the debt and commenced an action on April 11, 2008, to foreclose the mortgage (hereinafter the prior foreclosure action). On April 8, 2014, the plaintiff sent the defendant a 90-day notice pursuant to RPAPL 1304, but discontinued the foreclosure action on April 23, 2014.
On July 8, 2014, the plaintiff commenced this action to foreclose upon the same mortgage. The defendant moved for summary judgment dismissing the complaint insofar as asserted against him as time-barred. In support of his motion, the defendant submitted, inter alia, the complaint in the prior foreclosure action. The plaintiff opposed the motion, arguing that it affirmatively revoked its election to accelerate the mortgage debt by discontinuing the prior foreclosure action and, alternatively, that the 90-day preforeclosure period in RPAPL 1304 tolled the statute of limitations pursuant to CPLR 204(a). The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted against him, and the plaintiff appeals.
A mortgage foreclosure action is subject to a six-year statute of limitations (see CPLR 213[4]; NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d 1068, 1069). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due, and the Statute of Limitations begins to run on the entire debt" (Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867 [internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982; EMC Mtge. Corp. v Patella, 279 AD2d 604, 605). Acceleration occurs, inter alia, by the commencement of a foreclosure action (see Fannie Mae v 133 Mgt., LLC, 126 AD3d 670, 670; Clayton Natl. v Guldi, 307 AD2d 982, 982). "A lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute [*2]of limitations period subsequent to the initiation of the prior foreclosure action" (NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d at 1069-1070; see EMC Mtge. Corp. v Patella, 279 AD2d at 606).
Here, the defendant established, prima facie, that the within action is untimely. The filing of the summons and complaint seeking the entire unpaid balance of principal in the prior foreclosure action constituted a valid election by the plaintiff to accelerate the maturity of the debt (see Fannie Mae v 133 Mgt., LLC, 126 AD3d at 670; Clayton Natl. v Guldi, 307 AD2d at 982). This established that the mortgage debt was accelerated on April 11, 2008, and that the applicable six-year statute of limitations had expired by the time the plaintiff commenced the instant action on July 8, 2014 (see NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d at 1070).
In opposition, the plaintiff failed to raise a triable issue of fact as to whether it affirmatively revoked its election to accelerate the mortgage debt within the six-year limitations period (see JBR Constr. Corp. v Staples, 71 AD3d 952, 953). The plaintiff voluntarily discontinued the prior foreclosure action on April 23, 2014, after the statute of limitations had expired, and it failed to demonstrate that its April 8, 2014, 90-day notice, as a matter of law, "destroy[ed] the effect of the sworn statement that the plaintiff had elected to accelerate the maturity of the debt" (Beneficial Homeowner Serv. Corp. v Tovar, 150 AD3d 657, 658).
The plaintiff's remaining contentions either are without merit, are not properly before this Court (see Matter of Padin v Padin, 103 AD3d 729, 729), or have been rendered academic in light of our determination.
MASTRO, J.P., ROMAN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court