Freedom Mtge. Corp. v Engel (2018 NY Slip Op 05140)





Freedom Mtge. Corp. v Engel


2018 NY Slip Op 05140


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2016-02581
 (Index No. 1139/15)

[*1]Freedom Mortgage Corporation, respondent,
v
Herschel Engel, appellant, et al., defendants.


Solomon Rosengarten, Brooklyn, NY, for appellant.
Cohn & Roth, Mineola, NY (Michael C. Nayar of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Herschel Engel appeals from an order of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated November 12, 2015. The order, insofar as appealed from, denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against him and granted those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike his answer and affirmative defenses, and to appoint a referee.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, the motion of the defendant Herschel Engel for summary judgment dismissing the complaint insofar as asserted against him is granted, and those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against the defendant Herschel Engel, to strike his answer and affirmative defenses, and to appoint a referee are denied.
In May 2005, Herschel Engel (hereinafter the defendant) borrowed the sum of $225,000 from Fairmont Funding, Ltd. (hereinafter Fairmont). The loan was memorialized by a note and secured by a mortgage in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Fairmont. On July 22, 2005, the defendant executed an extension and modification agreement (hereinafter EMA) and a consolidated note, which created a new loan with a total unpaid principal balance of $224,806. The defendant allegedly defaulted on the loan by failing to make the payment due on March 1, 2008.
In July 2008, the plaintiff commenced an action to foreclose the mortgage against the defendant, among others. In that action, the defendant moved to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction due to improper service of process upon him. In a stipulation dated January 23, 2013, which was so-ordered by the Supreme Court, the parties agreed, inter alia, that: (1) the defendant was served with a copy of the summons and complaint; (2) the defendant would withdraw his motion; (3) the action would be discontinued without prejudice and the notice of pendency would be cancelled; and (4) they "desire to amicably resolve this dispute and the issues raised in the [defendant's motion] without further delay, expense or uncertainty."
More than two years later, on February 19, 2015, the plaintiff commenced this action to foreclose the mortgage. The defendant joined issue by serving an answer with various affirmative [*2]defenses, including that the action was time-barred. Thereafter, the defendant moved for summary judgment dismissing the complaint insofar as asserted against him on the ground that the action was time-barred. The plaintiff opposed the motion and cross-moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer and affirmative defenses, and to appoint a referee. The Supreme Court denied the defendant's motion and granted the plaintiff's cross motion. The defendant appeals.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run on the date each installment becomes due (see Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867; Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982; Wells Fargo Bank, N.A. v Cohen, 80 AD3d 753, 754; Loiacono v Goldberg, 240 AD2d 476, 477). However, "even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (EMC Mtge. Corp. v Patella, 279 AD2d 604, 605; see Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986; Nationstar Mtge., LLC v Weisblum, 143 AD3d at 867; Wells Fargo Bank, N.A. v Burke, 94 AD3d at 982). "A lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action" (NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d 1068, 1069-1070; see Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d 934, 935; EMC Mtge. Corp. v Patella, 279 AD2d at 606).
Here, the defendant established that the six-year statute of limitations began to run on the entire debt on July 16, 2008, when the plaintiff accelerated the mortgage debt by commencing the prior foreclosure action (see NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d at 1070; EMC Mtge Corp. v Smith, 18 AD3d 602, 603; EMC Mtge. Corp. v Patella, 279 AD2d at 605). Since the plaintiff did not commence this action until February 19, 2015, the defendant sustained his prima facie burden on his motion (see NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d at 1070; U.S. Bank N.A. v Martin, 144 AD3d 891, 892).
In opposition, the plaintiff failed to raise a triable issue of fact as to whether it revoked its election to accelerate the mortgage within the six-year limitations period. Contrary to the Supreme Court's determination, the plaintiff's execution of the January 23, 2013, stipulation did not, in itself, constitute an affirmative act to revoke its election to accelerate, since, inter alia, the stipulation was silent on the issue of the revocation of the election to accelerate, and did not otherwise indicate that the plaintiff would accept installment payments from the defendant (see Federal Natl. Mtge. Assn. v Mebane, 208 AD2d 892, 894; cf. NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d at 1070).
The plaintiff's alternate contention that the loan had never been accelerated since the defendant had not been served with the summons and complaint in the prior action is belied by the terms of the January 23, 2013, stipulation, which provide that the defendant was, in fact, served with the summons and complaint.
Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted against him, and denied those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer and affirmative defenses, and to appoint a referee.
In light of our determination, we need not consider the parties' remaining contentions.
CHAMBERS, J.P., MALTESE, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court