U.S. Bank Trust, N.A. v Aorta (2018 NY Slip Op 08528)





U.S. Bank Trust, N.A. v Aorta


2018 NY Slip Op 08528


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SANDRA L. SGROI
ANGELA G. IANNACCI, JJ.


2016-08704
 (Index No. 705641/14)

[*1]U.S. Bank Trust, N.A., etc., appellant,
v
Noam Aorta, respondent, et al., defendants.


Day Pitney LLP, New York, NY (Christina A. Parlapiano, Alfred W.J. Marks, and Cohn & Roth, of counsel), for appellant.
Grant Pudalov (Farber Brocks & Zane, LLP, Garden City, NY [Audra S. Zane and Tracy L. Frankel], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Leslie J. Purificacion), entered July 15, 2016. The order, insofar as appealed from, denied the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Noam Aorta and for an order of reference, and granted that branch of that defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against him as barred by the statute of limitations.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In May 2008, the plaintiff's predecessor in interest commenced an action (hereinafter the 2008 action) against the defendant Noam Aorta (hereinafter the defendant) to foreclose a mortgage. By order dated December 12, 2013, the Supreme Court, upon the plaintiff's motion, discontinued that action.
In August 2014, the plaintiff commenced this action against the defendant, among others, to foreclose the mortgage. The defendant interposed an answer in which he asserted, inter alia, the affirmative defense that the action was barred by the statute of limitations. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant cross-moved for, among other things, summary judgment dismissing the complaint insofar as asserted against him as barred by the statute of limitations. In opposition, the plaintiff argued that it affirmatively revoked the election to accelerate the mortgage debt by moving to voluntarily discontinue the 2008 action and also by serving various notices on the defendant, including 90-day notices pursuant to RPAPL 1304. The Supreme Court denied the plaintiff's motion and granted that branch of the defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against him as barred by the statute of limitations. The plaintiff appeals.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). With respect to a mortgage payable in installments, separate causes of action accrue [*2]for each installment that is not paid, and the statute of limitations begins to run on the date each installment becomes due (see Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867; Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982; Wells Fargo Bank, N.A. v Cohen, 80 AD3d 753, 754; Loiacono v Goldberg, 240 AD2d 476, 477). However, "even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (EMC Mtge. Corp. v Patella, 279 AD2d 604, 605; see Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986; Nationstar Mtge., LLC v Weisblum, 143 AD3d at 867; Wells Fargo Bank, N.A. v Burke, 94 AD3d at 982). "A lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action" (NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d 1068, 1069-1070; see Milone v US Bank N.A., 164 AD3d 145, 154; Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d 934, 935; EMC Mtge. Corp. v Patella, 279 AD2d at 606).
Here, the defendant demonstrated that the six-year statute of limitations began to run on May 13, 2008, when the plaintiff's predecessor in interest accelerated the mortgage debt through its commencement of the 2008 action (see Freedom Mtge. Corp. v Engel, 163 AD3d 631, 632-633; U.S. Bank N.A. v Martin, 144 AD3d 891, 891-892). Since the plaintiff did not commence the instant action until August 11, 2014, more than six years after May 13, 2008, the defendant established, prima facie, that the instant action was untimely (see Freedom Mtge. Corp. v Engel, 163 AD3d at 633; NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d at 1070; Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d at 987).
In opposition, the plaintiff failed to raise a triable issue of fact as to whether it revoked its election to accelerate the mortgage debt within the six-year limitations period (see Freedom Mtge. Corp. v Engel, 163 AD3d at 633; Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d at 935). Contrary to the plaintiff's contention, the order dated December 12, 2013, which discontinued the 2008 action upon its motion, was insufficient, in itself, to evidence an affirmative act to revoke the election to accelerate the mortgage debt (see Freedom Mtge. Corp. v Engel, 163 AD3d at 633; cf. NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d at 1069). The plaintiff failed to demonstrate the basis for that motion, since it did not submit the motion papers in opposition to the defendant's cross motion, and nothing in the order itself served to "destroy the effect of the sworn statement that the [plaintiff's predecessor in interest] had elected to accelerate the maturity of the debt" (Beneficial Homeowner Serv. Corp. v Tovar, 150 AD3d 657, 658). The plaintiff's further contention that it affirmatively revoked the election to accelerate the mortgage debt by serving the defendant with various notices, including the 90-day notices pursuant to RPAPL 1304, is also without merit (see Milone v US Bank N.A., 164 AD3d at 154; Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d at 935-936).
Accordingly, we agree with the Supreme Court's determination to deny the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, and to grant that branch of the defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against him as barred by the statute of limitations.
MASTRO, J.P., LEVENTHAL, SGROI and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court