Caliguri v Pentagon Fed. Credit Union (2019 NY Slip Op 00254)





Caliguri v Pentagon Fed. Credit Union


2019 NY Slip Op 00254


Decided on January 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2016-09282
 (Index No. 7482/15)

[*1]Ross R. Caliguri, appellant,
v
Pentagon Federal Credit Union, defendant.


Zinker & Herzberg, LLP, Hauppauge, NY (Jeffrey Herzberg of counsel), for appellant.



DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated July 21, 2016. The order denied the plaintiff's motion for leave to enter a default judgment against the defendant upon its failure to appear or answer the complaint.
ORDERED that the order is affirmed, without costs or disbursements.
On or about April 23, 2015, the plaintiff mortgagor commenced this action pursuant to RPAPL 1501(4) to cancel and discharge a mortgage given to the defendant Pentagon Federal Credit Union (hereinafter Pentagon), on the ground that collection of the mortgage debt was barred by the applicable statute of limitations. Following Pentagon's failure to appear or answer the complaint, the plaintiff moved for leave to enter a default judgment in his favor. The defendant did not oppose the motion. The Supreme Court denied the unopposed motion, and the plaintiff appeals.
Mortgages, generally, are payable in installments, but, upon acceleration, the entire remaining principal amount becomes due (see Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867; EMC Mtge. Corp. v Patella, 279 AD2d 604, 605). Acceleration of a mortgage starts running the six-year statute of limitations as to the entire debt (see CPLR 213[4]; NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d 1068; Nationstar Mtge., LLC v Weisblum, 143 AD3d at 867; EMC Mtge. Corp. v Patella, 279 AD2d at 605). RPAPL 1501(4) provides a means by which a party may clear a cloud on title represented by a stale mortgage, where the "applicable statute of limitation for the commencement of an action to foreclose a mortgage . . . has expired" (JBR Constr. Corp. v Staples, 71 AD3d 952, 953; see Stewart Tit. Ins. Co. v Bank of N.Y. Mellon, 154 AD3d 656).
To be entitled to a default judgment pursuant to CPLR 3215(f), the plaintiff was required to submit proof of service of the summons and the complaint, proof of Pentagon's failure to answer or appear, and proof of the facts constituting the cause of action (see MSMJ Realty, LLC v DLJ Mtge. Capital, Inc., 157 AD3d 885; Stewart Tit. Ins. Co. v Bank of NY Mellon, 154 AD3d at 659), i.e., that the six-year limitations period expired prior to the commencement of the instant action (see 53 PL Realty, LLC v US Bank N.A., 153 AD3d 894).
While the filing of a summons and complaint seeking the entire unpaid balance of principal in a prior foreclosure action may constitute a valid election by the mortgagee to accelerate [*2]the maturity of the debt (see Milone v US Bank N.A., 164 AD3d 145; Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d 934, 935; Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 983), here, the plaintiff submitted only a summons from an action commenced by Pentagon on April 22, 2009, which neither identified the action as one to foreclose the subject mortgage nor expressly alleged that, as a result of the mortgagor's default, Pentagon was electing to accelerate the mortgage. The plaintiff's assertion in his supporting affidavit that Pentagon validly accelerated the mortgage debt was conclusory and insufficient (see DLJ Mtge. Capital, Inc. v Hirsh, 161 AD3d 944, 945).
Further, the plaintiff's complaint alleges that after Pentagon commenced its action on April 22, 2009, he filed a bankruptcy petition on July 31, 2009, and that, by order dated October 13, 2009, Pentagon was granted relief from the automatic stay granted in bankruptcy proceedings (see 11 USC § 362[a]). The statute of limitations was tolled while the stay was in effect (see CPLR 204[a]; U.S. Bank N.A. v Joseph, 159 AD3d 968; Lubonty v U.S. Bank N.A., 159 AD3d 962, lv granted 32 NY3d 903; U.S. Bank N.A. v Martin, 144 AD3d 891).
Accordingly, we agree with the Supreme Court's denial of the plaintiff's motion for leave to enter a default judgment against the defendant on the ground that he failed to submit evidence of the facts constituting the cause of action (see CPLR 3215[f]; Stewart Tit. Ins. Co. v Bank of N.Y. Mellon, 154 AD3d at 660).
ROMAN, J.P., HINDS-RADIX, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court