Bank of N.Y. Mellon v Craig (2019 NY Slip Op 00846)





Bank of N.Y. Mellon v Craig


2019 NY Slip Op 00846


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2016-04344
 (Index No. 515177/15)

[*1]Bank of New York Mellon, etc., appellant,
v
Steven Craig, respondent, et al., defendants.


Stern & Eisenberg, P.C., Depew, NY (Stacey A. Weisblatt of counsel), for appellant.
The Law Offices of Jaime Lathrop, P.C., Brooklyn, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated March 17, 2016. The order, insofar as appealed from, granted that branch of the motion of the defendant Steven Craig which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him on the ground that the action is barred by the statute of limitations.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In August 2006, Steven Craig (hereinafter the defendant) executed a note in favor of Countrywide Bank, N.A. (hereinafter Countrywide), which was secured by a mortgage on residential property located in Brooklyn. By assignment of mortgage dated April 14, 2008, Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for Countrywide, assigned the mortgage to The Bank of New York as Trustee for the Certificateholders CWALT, Inc., Alternative Loan Trust 2006-OA14, Mortgage Pass-Through Certificates, Series 2006-OA14 (hereinafter Bank of New York). In April 2008, Bank of New York commenced an action (hereinafter the prior action) against the defendant and others to foreclose the mortgage. In the complaint, the plaintiff elected to declare the entire balance of the mortgage debt immediately due.
By order dated November 4, 2010, the Supreme Court directed dismissal of the prior action with prejudice unless Bank of New York filed within 60 days an attorney affirmation in compliance with a rule promulgated by the Chief Administrative Judge on October 20, 2010. Thereafter, on February 10, 2012, Bank of New York filed with the court a stipulation discontinuing the prior action without prejudice.
In December 2015, the plaintiff, Bank of New York's successor-in-interest, commenced this action against the defendant, among others, to foreclose the mortgage. In January 2016, the defendant moved, pre-answer, inter alia, pursuant to CPLR 3211(a)(1) and (5) to dismiss the complaint insofar as asserted against him on the ground that the action is barred by the statute of limitations. The plaintiff opposed the motion on the ground, inter alia, that, in voluntarily discontinuing the prior action, it had affirmatively revoked its election to accelerate the mortgage debt and, therefore, the action was timely. The Supreme Court granted the defendant's motion. The plaintiff appeals.
"On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired" (Wells Fargo Bank, N.A. v Burke, 155 AD3d 668, 669; see Bill Kolb, Jr., Subaru, Inc. v LJ Rabinowitz, CPA, 117 AD3d 978, 979). Once this showing has been made, the burden shifts to the plaintiff to "aver evidentiary facts establishing that the action was timely or to raise a question of fact as to whether the action was timely" (Lessoff v 26 Ct. St. Assoc., LLC, 58 AD3d 610, 611; see Lake v New York Hosp. Med. Ctr. of Queens, 119 AD3d 843, 844).
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run on the date each installment becomes due (see Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867; Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982; Wells Fargo Bank, N.A. v Cohen, 80 AD3d 753, 754; Loiacono v Goldberg, 240 AD2d 476, 477). However, "even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (EMC Mtge. Corp. v Patella, 279 AD2d 604, 605; see Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986; Nationstar Mtge., LLC v Weisblum, 143 AD3d at 867; Wells Fargo Bank, N.A. v Burke, 94 AD3d at 982). "A lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action" (NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d 1068, 1069-1070; see Milone v US Bank N.A., 164 AD3d 145, 154; Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d 934, 935; EMC Mtge. Corp. v Patella, 279 AD2d at 606).
Here, the defendant established that the six-year statute of limitations began to run on the entire debt on April 21, 2008, the date the plaintiff accelerated the mortgage debt by commencing the prior action (see Freedom Mtge. Corp. v Engel, 163 AD3d 631, 632-633; NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d at 1070; see also Milone v US Bank N.A., 164 AD3d at 152-153). Since the plaintiff did not commence this action until December 15, 2015, more than six years later, the defendant sustained his initial burden of demonstrating, prima facie, that this action was untimely (see U.S. Bank N.A. v Martin, 144 AD3d 891, 892). The burden then shifted to the plaintiff to present admissible evidence establishing that the action was timely or to raise a question of fact as to whether the action was timely (see id. at 892).
The plaintiff failed to meet its burden. Contrary to its contention, the plaintiff failed to raise a question of fact as to whether it affirmatively revoked its election to accelerate the mortgage within the six-year limitations period. Its execution of the stipulation of discontinuance did not, by itself, constitute an affirmative act to revoke its election to accelerate, since the stipulation was silent on the issue of the election to accelerate, and did not otherwise indicate that the plaintiff would accept installment payments from the defendant (see Freedom Mtge. Corp. v Engel, 163 AD3d at 633; cf. Milone v US Bank N.A., 164 AD3d at 154; NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d at 1070).
The plaintiff's remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination to grant that branch of the defendant's motion which was to dismiss the complaint insofar as asserted against him on the ground that the action is barred by the statute of limitations.
AUSTIN, J.P., HINDS-RADIX, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court