Q & O Estates Corp. v US Bank Trust Nat'l Assoc. (2019 NY Slip Op 06524)





Q & O Estates Corp. v US Bank Trust Nat'l Assoc.


2019 NY Slip Op 06524


Decided on September 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SHERI S. ROMAN
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2017-05723
2017-08946
 (Index No. 515765/16)

[*1]Q & O Estates Corp., appellant, 
v
US Bank Trust Nat'l Assoc., et al., respondents, et al., defendant.


Anderson, Bowman & Zalewski, PLLC, Kew Gardens, NY (Mark S. Anderson and Matthew J. Routh of counsel), for appellant.
Locke Lord LLP, New York, NY (Jennifer E. Traystman and Joseph N. Froehlich of counsel), for respondents.



DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Martin M. Solomon, J.), dated April 19, 2017, and (2) an order of the same court dated August 7, 2017. The order dated April 19, 2017, granted the motion of the defendants US Bank Trust Nat'l Assoc. and Mortgage Electronic Registration Systems, Inc., pursuant to CPLR 3211(a) to dismiss the complaint. The order dated August 7, 2017, insofar as appealed from, upon reargument, adhered to the original determination in the order dated April 19, 2017.
ORDERED that the appeal from the order dated April 19, 2017, is dismissed, as that order was superseded by the order dated August 7, 2017, made upon reargument; and it is further,
ORDERED that the order dated August 7, 2017, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants US Bank Trust Nat'l Assoc. and Mortgage Electronic Registration Systems, Inc.
In December 2006, Howard Smith obtained a loan from American Brokers Conduit secured by a mortgage on his real property in Brooklyn. In January 2008, CitiGroup Global Markets Realty Corp. (hereinafter CitiGroup), as the assignee of the mortgage and the alleged holder of the underlying note, commenced an action to foreclose the mortgage against, among others, Smith, alleging that Smith had defaulted by failing to make the monthly payments commencing with the payment due on August 1, 2007. Smith failed to appear in the action or answer the complaint. In an order dated December 13, 2011, the Supreme Court denied a motion by CitiGroup for an order of reference on the ground that CitiGroup lacked standing to foreclose the mortgage. The foreclosure action was discontinued in November 2012.
In August 2016, the plaintiff, which had purchased the subject property from Smith in November 2009, commenced this action pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage, alleging that enforcement of the mortgage was barred by the applicable [*2]six-year statute of limitations. The defendants US Bank Trust Nat'l Assoc. and Mortgage Electronic Registration Systems, Inc. (hereinafter together the defendants), moved pursuant to CPLR 3211(a) to dismiss the complaint, arguing that the statute of limitations never began to run because CitiGroup lacked standing to commence the foreclosure action and did not have the authority to accelerate the debt. In an order dated April 19, 2017, the Supreme Court granted the defendants' motion. Thereafter, the plaintiff moved for leave to renew and reargue its opposition to the defendants' motion. In an order dated August 7, 2017, the Supreme Court granted that branch of the plaintiff's motion which was for leave to reargue, but, upon reargument, adhered to the original determination in the order dated April 19, 2017. The plaintiff appeals.
In considering a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 88; Mehrhof v Monroe-Woodbury Cent. Sch. Dist., 168 AD3d 713, 714). "If the court considers evidentiary material, a motion to dismiss pursuant to CPLR 3211(a)(7) must be denied unless it has been shown that a material fact as claimed by the [plaintiff] is not a fact at all and unless it can be said that no significant dispute exists regarding it" (Galardi v Town of Hempstead, 164 AD3d 760, 761 [internal quotation marks omitted]; see Guggenheimer v Ginzburg, 43 NY2d 268, 275).
Pursuant to RPAPL 1501(4), a person having an estate or an interest in real property subject to a mortgage can seek to cancel and discharge that encumbrance where the period allowed by the applicable statute of limitations for the commencement of an action to foreclose the mortgage has expired, provided that the mortgagee or its successor was not in possession of the subject real property at the time the action to cancel and discharge the mortgage was commenced (see RPAPL 1501[4]; Lubonty v U.S. Bank N.A., 159 AD3d 962, 963, lv granted 32 NY3d 903; 53 PL Realty, LLC v US Bank N.A., 153 AD3d 894, 895). An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (EMC Mtge. Corp. v Patella, 279 AD2d 604, 605; see Lubonty v U.S. Bank N.A., 159 AD3d at 963; NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d 1068, 1069). However, "an acceleration of a mortgaged debt, by either written notice or the commencement of an action, is only valid if the party making the acceleration had standing at that time to do so" (Milone v US Bank N.A., 164 AD3d 145, 153; see Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 983).
Here, the evidence submitted in support of the defendants' motion, including the order dated December 13, 2011, demonstrated that while CitiGroup purported to accelerate the mortgage debt in the complaint served in the action to foreclose the mortgage in January 2008, that acceleration was a nullity, inasmuch as CitiGroup lacked standing to commence that foreclosure action (see U.S. Bank N.A. v Gordon, 158 AD3d 832, 836; Stewart Tit. Ins. Co. v Bank of N.Y. Mellon, 154 AD3d 656, 663; Wells Fargo Bank, N.A. v Burke, 94 AD3d at 983). Therefore, the plaintiff's allegation in this action that the statute of limitations to enforce the mortgage had expired was not a fact at all, and it can be said that no significant dispute exists regarding it (see Stewart Tit. Ins. Co. v Bank of N.Y. Mellon, 154 AD3d at 664).
The plaintiff's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination, upon reargument, adhering to its prior determination to grant the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
SCHEINKMAN, P.J., ROMAN, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court