Goldman v Nationstar Mtge., LLC (2022 NY Slip Op 03375)





Goldman v Nationstar Mtge., LLC


2022 NY Slip Op 03375


Decided on May 25, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 25, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.


2018-14247
 (Index No. 510009/17)

[*1]Beverly Goldman, et al., appellants,
v
Nationstar Mortgage, LLC, respondent.


Law Office of Samuel Katz, PLLC, Brooklyn, NY (Joseph Schwartz of counsel), for appellants.
McCalla Raymer Leibert Pierce, LLP, New York, NY (Margaret S. Stefandl and Charles Jeanfreau of counsel), for respondent.



DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the plaintiffs appeal from an order of the Supreme Court, Kings County (Noach Dear, J.), dated August 7, 2018. The order denied the plaintiffs' motion for summary judgment on the complaint, and granted the defendant's cross motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the defendant's cross motion pursuant to CPLR 3211(a) to dismiss the complaint, and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed, without costs or disbursements.
On September 22, 2005, the plaintiffs executed a note in the amount of $359,000 in favor of nonparty Fairmont Funding, Ltd., New York Corporation (hereinafter Fairmont). The note was secured by a mortgage on certain real property located in Brooklyn.
In May 2017, the plaintiffs commenced this action against the defendant, Fairmont's successor in interest, pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage on the ground that the statute of limitations within which to commence an action to foreclose the mortgage had expired. The complaint alleged that BAC Home Loans Servicing, L.P. (hereinafter BAC), the defendant's predecessor in interest, commenced an action on July 24, 2009, to foreclosure the mortgage (hereinafter the foreclosure action), electing in the foreclosure complaint to accelerate the maturity of the debt payments. The complaint further alleged that the foreclosure action was dismissed as abandoned pursuant to an order entered November 3, 2016, and, therefore, any action commenced to foreclose the mortgage would be time-barred.
After issue was joined, the plaintiffs moved for summary judgment on the complaint. In support of their motion, the plaintiffs submitted, among other things, the summons and complaint in the foreclosure action dated July 23, 2009, and the November 3, 2016 order directing dismissal of that action as abandoned pursuant to CPLR 3215(c). As relevant, the complaint in the foreclosure action alleged that the plaintiffs had defaulted under the terms of the note and mortgage by failing [*2]to make the debt payment due November 1, 2008, and each subsequent installment, and that BAC was electing to accelerate the balance and declare the total amount secured to be immediately due and payable.
The defendant opposed the motion and cross-moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint. The defendant submitted, among other things, a document titled "loan modification agreement" signed by the plaintiffs on March 4, 2009, which purported to amend and supplement certain provisions of the original note and mortgage, including the amount payable under the note, the annual interest rate, and the monthly payments due beginning on April 1, 2009.
In an order dated August 7, 2018, the Supreme Court denied the plaintiffs' motion and granted the defendant's cross motion. The plaintiffs appeal.
"Pursuant to RPAPL 1501(4), a person having an estate or an interest in real property subject to a mortgage can seek to cancel and discharge that encumbrance where the period allowed by the applicable statute of limitations for the commencement of an action to foreclose the mortgage has expired" (Oakdale III, LLC v Deutsche Bank Natl. Trust Co., 189 AD3d 1685, 1686-1687; see RPAPL 1501[4]; Retemiah v Bank of N.Y. Mellon, 195 AD3d 649, 650). An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). Where, as here, the note calls for payments in installments, "there are separate causes of action for each installment accrued, and the statute of limitations begins to run on the date each installment becomes due unless the mortgage debt is accelerated" (Hudson City Sav. Bank, FSB v Schoenfeld, 172 AD3d 692, 692-693; see Pagano v Smith, 201 AD2d 632, 633). If the loan is accelerated, the entire balance of the debt accrues and the statute of limitations begins to run on the entire debt (see Freedom Mtge. Corp. v Engel, 37 NY3d 1, 21; EMC Mtge. Corp. v Patella, 279 AD2d 604, 605).
Here, in support of their motion for summary judgment, the plaintiffs established, prima facie, that the loan was accelerated in July 2009, when the defendant's predecessor in interest elected to exercise the acceleration clauses of the note and mortgage by announcing the election in the complaint in the foreclosure action (see Freedom Mtge. Corp. v Engel, 37 NY3d at 21-22; U.S. Bank N.A. v Krakoff, 199 AD3d 859, 862; NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d 1068, 1070). However, in opposition, the defendant raised a triable issue of fact by submitting the "loan modification agreement" dated March 4, 2009, which purported to amend the original loan and change the terms thereof by altering the interest rate, the principal amount of the loan, and the monthly payments due. The complaint in the foreclosure action, filed more than four months after the date of the purported modification agreement, neither acknowledged the purported modification agreement nor alleged to accelerate the modified loan, "which had materially distinct terms" (Freedom Mtge. Corp. v Engel, 37 NY3d at 25). Thus, the defendant raised a triable issue of fact as to whether the parties modified the original loan and, thus, whether the complaint in the 2009 foreclosure action was sufficient to accelerate the mortgage debt (see id.). Therefore, the Supreme Court properly denied the plaintiffs' motion for summary judgment on the complaint.
"On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction" (Leon v Martinez, 84 NY2d 83, 87; see CPLR 3026). The court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d at 87-88; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). Under CPLR 3211(a)(1), a dismissal is warranted only if "the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d at 326; see Leon v Martinez, 84 NY2d at 88).
Here, in support of its cross motion, the defendant relied upon the purported loan modification agreement dated March 4, 2009. This document, however, failed to utterly refute the plaintiffs' factual allegations and conclusively establish its defense as a matter of law. The defendant failed to demonstrate that the purported modification agreement was executed by both parties, and became a permanent modification to the original loan. The plaintiffs contend that the subject agreement was a trial loan modification that never became permanent, pointing to the fact that the [*3]agreement was not signed by the lender, though a space was provided for the same. Moreover, on its cross motion, the defendant submitted a number of loan servicing documents that showed that the defendant had continued to service the original loan and not the purportedly modified loan. Accordingly, the Supreme Court properly denied the defendant's cross motion pursuant to CPLR 3211(a) to dismiss the complaint.
BRATHWAITE NELSON, J.P., MILLER, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court