Bank of N.Y. v Hutchinson (2021 NY Slip Op 00284)





Bank of N.Y. v Hutchinson


2021 NY Slip Op 00284


Decided on January 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2017-13111
 (Index No. 501471/16)

[*1]Bank of New York, etc., respondent, 
v
Antoinette Hutchinson, appellant, et al., defendants.


Leon I. Behar, P.C., New York, NY, for appellant.
Davidson Fink LLP, Rochester, NY (Larry T. Powell of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Antoinette Hutchinson appeals from an order of the Supreme Court, Kings County (Harriet Thompson, J.), dated September 18, 2017. The order, insofar as appealed from, denied those branches of that defendant's motion which were for summary judgment dismissing so much of the complaint as relates to unpaid mortgage installments which accrued after February 2, 2010, insofar as asserted against her, for summary judgment on her first, second, and third counterclaims, for abuse of process, malicious prosecution, and an award of attorney's fees, respectively, and pursuant to 22 NYCRR 130.1-1 for sanctions.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff seeks to foreclose a mortgage given by the defendant Antoinette Hutchinson (hereinafter the defendant) encumbering real property located in Brooklyn. The plaintiff alleges that the defendant defaulted under the terms of the mortgage by failing to make the monthly payment due August 1, 2008, and all payments due thereafter.
The defendant moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against her on the ground that the action was barred by the six-year limitations period (see CPLR 213[4]). She submitted evidence that the mortgage debt was accelerated by virtue of a foreclosure action commenced by the plaintiff on February 15, 2006 (hereinafter the 2006 action), the 2006 action was voluntarily discontinued on April 2, 2007, and the instant action was commenced on February 2, 2016. In opposition, the plaintiff argued that it had revoked its election to accelerate the mortgage debt within the limitations period. The plaintiff submitted a loan modification agreement, dated November 6, 2006, and a consent to cancel lis pendens, filed March 29, 2007. The Supreme Court found that the defendant had satisfied her prima facie burden and, in opposition, the plaintiff raised a triable issue of fact. The court nevertheless determined that, to the extent the plaintiff sought to collect unpaid principal and interest payments due before February 2, 2010, it was barred by the six-year limitations period. The court also denied those branches of the defendant's motion which were for summary judgment on her first, second, and third counterclaims, for abuse of process, malicious prosecution, and attorney's fees, respectively, and pursuant to 22 NYCRR 130.1-1 for sanctions. The defendant appeals.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see [*2]CPLR 213[4]). With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run on the date each installment becomes due (see Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867; Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982; Wells Fargo Bank, N.A. v Cohen, 80 AD3d 753, 754; Loiacono v Goldberg, 240 AD2d 476, 477). However, "even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (EMC Mtge. Corp. v Patella, 279 AD2d 604, 605; see Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986; Nationstar Mtge., LLC v Weisblum, 143 AD3d at 867; Wells Fargo Bank, N.A. v Burke, 94 AD3d at 982). "A lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action" (NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d 1068, 1069-1070; see Freedom Mtge. Corp. v Engel, 163 AD3d 631, 632, lv granted 33 NY3d 1039).
Here, the defendant met her initial burden of demonstrating, prima facie, that the instant action was time-barred (see CPLR 213[4]; Nationstar Mtge., LLC v Dorsin, 180 AD3d 1054, 1055; Bank of NY Mellon v Alli, 175 AD3d 1472, 1473; NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d at 1070). Accordingly, the burden shifted to the plaintiff to raise a triable issue of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether it actually commenced the second action within the applicable limitations period (see Christiana Trust v Barua, 184 AD3d 140, 151).
We agree with the Supreme Court's determination that the plaintiff's submission of the loan modification agreement, which "clearly and unambiguously demanded a resumption of monthly installment payments on the note" (Christiana Trust v Barua, 184 AD3d at 146; see Milone v US Bank N.A., 164 AD3d 145, 154; cf. Freedom Mtge. Corp. v Engel, 163 AD3d at 633), and the consent to cancel lis pendens (see CPLR 6514[e]), was sufficient to raise a triable issue of fact as to whether the plaintiff had revoked its election to accelerate the full balance of the mortgage debt within six years from February 15, 2006 (see Christiana Trust v Barua, 184 AD3d at 149; U.S. Bank Trust, N.A. v Rudick, 172 AD3d 1430; Milone v US Bank N.A., 164 AD3d 145), thereby warranting denial of summary judgment to the defendant dismissing the complaint in its entirety.
Contrary to the defendant's contention, under the circumstances, the plaintiff was not required to submit proof of installment payments made under the loan modification agreement (see generally Lavin v Elmakiss, 302 AD2d 638). The defendant's contention that the complaint failed to comply with CPLR 3013 is without merit (see US Bank N.A. v Nelson, 169 AD3d 110, 113). The defendant's unsubstantiated and conclusory claim that she was prejudiced because she relied on the voluntary discontinuance of the 2006 action to enter into a contract to sell the property to a third party, is insufficient to invalidate the revocation (cf. Federal Natl. Mtge. Assn. v Mebane, 208 AD2d 892, 894).
The defendant's remaining contentions are either not properly before this Court or without merit.
Inasmuch as the defendant's counterclaims for abuse of process, malicious prosecution, and an award of attorney's fees, as well as her request for sanctions, were premised on her contention that the complaint was time-barred, the Supreme Court properly denied those branches of the motion which were for summary judgment on the first, second, and third counterclaims, and for sanctions.
MASTRO, A.P.J., CHAMBERS, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court