Wilmington Sav. Fund Socy., FSB v Iqbal (2021 NY Slip Op 03629)





Wilmington Sav. Fund Socy., FSB v Iqbal


2021 NY Slip Op 03629


Decided on June 9, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2018-12665
 (Index No. 702547/17)

[*1]Wilmington Savings Fund Society, FSB, etc., appellant, 
v
Mohammed Iqbal, et al., respondents, et al., defendants.


Maynard, Cooper & Gale, P.C., New York, NY (Brandt P. Hill of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Leslie J. Purificacion, J.), dated July 31, 2018. The order granted the motion of the defendants Mohammed Iqbal and Parveen A. Iqbal for summary judgment dismissing the complaint insofar as asserted against them and on their counterclaim to cancel and discharge of record the mortgage, and, in effect, denied, as academic, the plaintiff's cross motion for summary judgment on the complaint insofar as asserted against those defendants, to strike their answer, and to appoint a referee to calculate the amount due to the plaintiff.
ORDERED that the order is reversed, on the law, with costs, the motion of the defendants Mohammed Iqbal and Parveen A. Iqbal for summary judgment dismissing the complaint insofar as asserted against them and on their counterclaim to cancel and discharge of record the mortgage is denied, and the matter is remitted to the Supreme Court, Queens County, for a determination on the merits of the plaintiff's cross motion for summary judgment on the complaint insofar as asserted against those defendants, to strike their answer, and to appoint a referee to calculate the amount due to the plaintiff.
In 2010, nonparty BAC Home Loans Servicing, LP (hereinafter BAC Home Loans), the plaintiff's predecessor in interest, commenced an action to foreclose a mortgage given by the defendants Mohammed Iqbal and Parveen A. Iqbal (hereinafter together the defendants). After the defendants interposed an answer, BAC Home Loans moved to voluntarily discontinue the action. On January 4, 2016, the Supreme Court granted the unopposed motion and discontinued the action.
In 2017, the plaintiff commenced the instant foreclosure action. Following service of their answer, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them and on their counterclaim to cancel and discharge of record the mortgage, contending that the action was time-barred. The plaintiff opposed the motion and cross moved for summary judgment on the complaint insofar as asserted against those defendants, to strike their answer, and to appoint a referee to calculate the amount due to the plaintiff. In an order dated July 31, 2018, the Supreme Court granted the defendants' motion and, in effect, denied, as academic, the plaintiff's cross motion. The plaintiff appeals.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see [*2]CPLR 213[4]). Separate causes of action accrue for each unpaid installment, and the statute of limitations begins to run on the date each installment becomes due (see U.S. Bank N.A. v Joseph, 159 AD3d 968, 970). Once a mortgage debt is accelerated, however, the statute of limitations begins to run on the entire debt (see Milone v US Bank N.A., 164 AD3d 145, 151; U.S. Bank N.A. v Joseph, 159 AD3d at 970). Acceleration occurs, among other things, by "the filing of a verified complaint seeking foreclosure and containing a sworn statement that the noteholder is demanding repayment of the entire outstanding debt" (Freedom Mtge. Corp. v Engel, _____ NY3d _____, _____, 2021 NY Slip Op 01090, *2; see Albertina Realty Co. v Rosbro Realty Corp., 258 NY 472, 476; Wells Fargo Bank, N.A. v Hussain, 186 AD3d 1459, 1462). A lender's revocation of its election to accelerate the mortgage can be accomplished by an "affirmative act" of the noteholder within six years of the election to accelerate (Freedom Mtge. Corp. v Engel, _____ NY3d at ______, 2021 NY Slip Op 01090, *4 [internal quotation marks omitted], citing NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d 1068, 1069). "[W]here acceleration occurred by virtue of the filing of a complaint in a foreclosure action, the noteholder's voluntary discontinuance of that action constitutes an affirmative act of revocation of that acceleration as a matter of law, absent an express, contemporaneous statement to the contrary by the noteholder" (Freedom Mtge. Corp. v Engel, _____ NY3d at ______, 2021 NY Slip Op 01090, *6).
Here, in moving for summary judgment, the defendants established, prima facie, that the mortgage debt was accelerated when BAC Home Loans commenced the 2010 action and elected in the complaint to call due the entire amount secured by the mortgage (see Freedom Mtge. Corp. v Engel, _____ NY3d at _____, 2021 NY Slip Op 01090, *7; Deutsche Bank Natl. Trust Co. v Baquero, 192 AD3d 660, 661). The defendants further demonstrated that this action was commenced in 2017, more than six years later (see CPLR 213[4]; Deutsche Bank Natl. Trust Co. v Baquero, 192 AD3d at 661; Deutsche Bank Natl. Trust Co. v Gordon, 179 AD3d 770). Accordingly, the burden shifted to the plaintiff to raise a triable issue of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether it actually commenced the second action within the applicable limitations period (see Bank of N.Y. v Hutchinson, 190 AD3d 804, 806).
In opposition to the defendants' prima facie showing, the plaintiff established that this action was timely commenced (see Freedom Mtge. Corp. v Engel, _____ NY3d at _____, 2021 NY Slip Op 01090, *2-3; NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d 1068). Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them and on their counterclaim to cancel and discharge of record the mortgage, and should have determined the merits of the plaintiff's cross motion for summary judgment on the complaint insofar as asserted against those defendants, to strike their answer, and to appoint a referee to calculate the amount due to the plaintiff.
LASALLE, P.J., DILLON, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court