DePalma v RoundPoint Mtge. Servicing Corp. (2021 NY Slip Op 04962)





DePalma v RoundPoint Mtge. Servicing Corp.


2021 NY Slip Op 04962


Decided on September 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
BETSY BARROS, JJ.


2015-09768
 (Index No. 52322/14)

[*1]Carmine DePalma, et al., appellants, 
v
RoundPoint Mortgage Servicing Corporation, et al., respondents, et al., defendants.
 


McGlinchey Stafford PLLC, New York, NY (Kristen D. Romano and Richard J. Pelliccio of counsel), for respondents.
K. Jody Cucolo, P.C., New City, NY, for appellants.



DECISION & ORDER
In an action, inter alia, pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Francesca E. Connolly, J.), dated October 5, 2015. The order, insofar as appealed from, denied those branches of the plaintiffs' motion which were for summary judgment on the second cause of action and for the disbursement of certain fire insurance proceeds to them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On July 22, 1996, the plaintiffs, Carmine DePalma and Sharan Joan DePalma (hereinafter together the DePalmas), executed and delivered to Greenpoint Bank (hereinafter Greenpoint) a note pursuant to which they promised to repay a purchase loan in the principal amount of $337,500, and a mortgage securing the loan against certain real property (hereinafter the subject property) they were purchasing in Mount Kisco.
On April 13, 2005, Greenpoint commenced a foreclosure action against, among others, the DePalmas, alleging that they had defaulted under the terms of the loan by failing to make their mortgage payment due December 1, 2004, and each month thereafter.
On October 31, 2005, the DePalmas and Greenpoint's successor in interest, Copperfield Investments, LLC (hereinafter Copperfield), entered into an agreement of forbearance and restructure (hereinafter the forbearance agreement) whereby, if the DePalmas adhered to a schedule of lower monthly payments for a period of one year, inter alia, Copperfield would reinstate the note and mortgage, the DePalmas would resume making regular payments, and the interest rate would revert from the higher default rate to the original rate. On November 21, 2006, pursuant to the terms of the forbearance agreement, the DePalmas executed a loan modification agreement (hereinafter the modification agreement) with Copperfield's successor in interest, Private Capital Group, LLC (hereinafter PCG), pursuant to which, inter alia, the DePalmas would make higher monthly payments, which included the unpaid principal balance and interest, and, in the event the DePalmas again defaulted in making their payments, PCG had the option to accelerate the loan.
On July 13, 2009, PCG filed a supplemental summons and amended complaint in the [*2]2005 foreclosure action, alleging, inter alia, that the DePalmas had defaulted in making their monthly payment due October 1, 2006, and all those due thereafter. In the amended complaint, PCG indicated that it was exercising its option "to call due the entire amount secured by the mortgage." On November 25, 2013, PCG filed stipulations discontinuing the 2005 foreclosure action and canceling the associated notice of pendency.
In November 2012, the subject property was destroyed by a fire. The DePalmas' insurance company agreed to cover the loss.
On September 4, 2014, the DePalmas commenced this action, inter alia, to quiet title pursuant to RPAPL 1501(4) against, among others, RoundPoint Mortgage Servicing Corporation and PCG. As a second cause of action, the DePalmas alleged that, based upon the acceleration effected by Greenpoint's commencement of the foreclosure action on April 13, 2005, which, they asserted, had never been revoked, the six-year statute of limitations had expired, and the DePalmas' mortgage debt had been extinguished. The DePalmas sought, among other things, a judgment declaring the debt invalid and directing the County Clerk of Westchester County to cancel and discharge of record the mortgage.
The DePalmas moved, inter alia, for summary judgment on the second cause of action. In the order appealed from, the Supreme Court, inter alia, denied the motion, finding that triable issues of fact existed as to whether the modification agreement had revoked the 2005 acceleration of the mortgage debt.
Pursuant to RPAPL 1501(4), a person having an estate or an interest in real property subject to a mortgage can seek to cancel and discharge of record that encumbrance where the period allowed by the applicable statute of limitations for the commencement of an action to foreclose the mortgage has expired, provided that the mortgagee or its successor is not in possession of the subject real property at the time the action to cancel and discharge the mortgage is commenced (see Ditmid Holdings, LLC v JPMorgan Chase Bank, N.A., 180 AD3d 1002, 1003; Yadegar v Deutsche Bank Natl. Trust Co., 164 AD3d 945, 946-947; Lubonty v U.S. Bank N.A., 159 AD3d 962, 963, affd 34 NY3d 250). An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). "The law is well settled that, even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (Daldan, Inc. v Deutsche Bank Natl. Trust Co., 188 AD3d 989, 990 [internal quotation marks omitted]; see Ditmid Holdings, LLC v JPMorgan Chase Bank, N.A., 180 AD3d at 1003). "A lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action" (Bank of N.Y. v Hutchinson, 190 AD3d 804, 806 [internal quotation marks omitted]; see NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d 1068, 1069-1070).
In support of their motion, the DePalmas submitted the complaint by which Greenpoint commenced the foreclosure action on April 13, 2005, and in which Greenpoint stated that it was electing to call due the entire amount secured by the mortgage, thereby effecting an acceleration of the subject debt. Based on that fact alone, the six-year statute of limitations would have expired in April 2011 (see CPLR 213[4]), and the DePalmas would have been entitled to summary judgment on the second cause of action pursuant to RPAPL 1501. However, the DePalmas also submitted, inter alia, a copy of the modification agreement, which "had the effect of revoking the 2005 acceleration of the loan" (Goshen Mtge., LLC v DePalma, 186 AD3d 1203, 1206), as it "'evinced a clear intent by [PCG], with the [DePalmas'] knowledge and consent, to revoke [the lender's] prior election and reinstate the [DePalmas'] right to repay the underlying debt in monthly installments, subject to the new terms and conditions set forth in the [modification agreement]'" (id. at 1206, quoting U.S. Bank Trust, N.A. v Rudick, 172 AD3d 1430, 1431). Accordingly, the Supreme Court properly determined that the DePalmas "failed to demonstrate, as a matter of law, that the 2006 Modification Agreement did not revoke the prior acceleration of the mortgage debt." Since the DePalmas failed to demonstrate their prima facie entitlement to judgment as a matter of law on this issue, the court properly denied those branches of their motion which were for summary [*3]judgment on the second cause of action and for the disbursement of certain fire insurance proceeds to them, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
LASALLE, P.J., CHAMBERS, AUSTIN and BARROS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court