U.S. Bank N.A. v Unger (2024 NY Slip Op 04341)

U.S. Bank N.A. v Unger

2024 NY Slip Op 04341

Decided on August 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2022-08863
 (Index No. 37079/19)

[*1]U.S. Bank National Association, etc., appellant,
v
Jacob Unger, respondent, et al., defendants.

McCabe, Weisberg & Conway, LLC, Melville, NY (Robert Yusko of counsel), for appellant.
Jeremy Rosenberg, Chestnut Ridge, NY, for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Rockland County (Paul I. Marx, J.), dated September 12, 2022. The order, insofar as appealed from, granted that branch of the motion of the defendant Jacob Unger which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2007, the defendant Jacob Unger (hereinafter the defendant) executed and delivered to National City Mortgage, a subsidiary of National City Bank (hereinafter National City), a note in the amount of $209,000, secured by a mortgage encumbering residential property located in Spring Valley.
On September 28, 2009, National City commenced an action (hereinafter the prior action) to foreclose the mortgage, alleging that the defendant had defaulted in making payments due March 1, 2009, and thereafter. In July 2010, a judgment of foreclosure and sale was entered in the prior action, but a sale did not take place. In an order entered August 10, 2018, the Supreme Court granted National City's motion, inter alia, to discontinue the prior action without prejudice, and the judgment of foreclosure and sale was vacated. In February 2019, National City again moved, among other things, to discontinue the prior action. In an order entered April 12, 2019, the court, in effect, granted the motion, and the judgment of foreclosure and sale was "vacated and discharged of record."
On December 18, 2019, the plaintiff commenced the instant action to foreclose the mortgage. The defendant moved, inter alia, pursuant to CPLR 3211(a)(5) and (8) to dismiss the complaint insofar as asserted against him. In an order dated September 12, 2022, the Supreme Court, among other things, granted that branch of the defendant's motion which was to dismiss the complaint insofar as asserted against him, determining that the action was time-barred. The plaintiff appeals.
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]; Lubonty v U.S. Bank N.A., 34 NY3d 250, 261; U.S. Bank N.A. v Medianik, 223 AD3d [*2]935, 937; MTGLQ Invs., L.P. v Singh, 216 AD3d 1087, 1088). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (BHMPW Funding, LLC v Lloyd-Lewis, 194 AD3d 780, 782 [internal quotation marks omitted]; see U.S. Bank N.A. v Medianik, 223 AD3d at 937). "Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the [holder of the note] elects in the complaint to call due the entire amount secured by the mortgage" (GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d 915, 916; see U.S. Bank N.A. v Medianik, 223 AD3d at 937).
Here, in support of that branch of his motion which was to dismiss the complaint insofar as asserted against him, the defendant demonstrated that the six-year statute of limitations began to run on the entire debt on September 28, 2009, when the prior action was commenced by National City, the plaintiff's predecessor in interest, which elected to call due the entire amount secured by the mortgage (see HSBC Bank USA, N.A. v Corrales, 224 AD3d 816). The defendant further demonstrated that the instant action was commenced in December 2019, more than six years later (see CPLR 213[4]; U.S. Bank N.A. v Simon, 216 AD3d 1041, 1042-1043). The defendant thus established, prima facie, that the instant action was time-barred (see US Bank Trust, N.A. v Reizes, 222 AD3d 907, 910).
In opposition, the plaintiff contended that the mortgage was not accelerated, because National City lacked authority to accelerate the debt. The plaintiff argued that National City lacked standing to commence the prior action because, at that time, it "was a defunct entity," having merged on October 1, 2008, into National City Bank. However, since National City, as the plaintiff's predecessor in interest with respect to the mortgage loan, secured a judgment of foreclosure and sale in its favor, the plaintiff was judicially estopped from contesting standing (see Matter of State Farm Mut. Auto. Ins. Co. v Allston, 300 AD2d 669, 670). Further, CPLR 213(4)(a) provides that "[i]n any action on an instrument described under this subdivision, if the statute of limitations is raised as a defense, and if that defense is based on a claim that the instrument at issue was accelerated prior to, or by way of commencement of a prior action, a plaintiff shall be estopped from asserting that the instrument was not validly accelerated, unless the prior action was dismissed based on an expressed judicial determination, made upon a timely interposed defense, that the instrument was not validly accelerated" (see GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d at 916-917). Therefore, the plaintiff is estopped from contesting that the mortgage debt was not validly accelerated.
The plaintiff's remaining contentions either are without merit or need not be addressed in light of our determination.
Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was to dismiss the complaint insofar as asserted against him.
BARROS, J.P., MALTESE, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court