HSBC Bank, USA N.A. v De Garcia (2024 NY Slip Op 51349(U))

[*1]

HSBC Bank, USA N.A. v De Garcia

2024 NY Slip Op 51349(U)

Decided on September 23, 2024

Supreme Court, Queens County

Caloras, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 23, 2024
Supreme Court, Queens County

HSBC Bank, USA National Association, AS TRUSTEE FOR CITIGROUP MORTGAGE LOAN TRUST INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-SHL1, Plaintiff,

against
Matilde De Garcia AKA MATILDE DEGARCIA, if living, and if she/he be dead, any and all persons unknown to plaintiff, claiming, or who may claim to have an interest in, or general or specific lien upon the real property described in this action; such unknown persons being herein generally described and intended to be included in the following designation, namely the wife, widow, husband, widower, heirs at law, next of kin, descendants, executors, administrators, devisees, legatees, creditors, trustees, committees, lienors, and assignees of such deceased, any and all persons deriving interest in or lien upon, or title to said mal property by, through or under them, or either of them, and their respective wives, widows, husbands, widowers, heirs at law, next of kin, descendants, executors, administrators, devisees, legatees, creditors, trustees, committees, lienors and assigns, all of whom and whose names, except as stated, are unknown to plaintiff, ROSETE C. MARTHA; NEW YORK CITY ENVIRONMENTAL CONTROL BOARD; NEW YORK CITY PARKING VIOLATIONS BUREAU; NEW YORK CITY TRANSIT ADJUDICATION BUREAU; THE PEOPLE OF THE STATE OF NEW YORK; UNITED STATES OF AMERICA; KENNIA ROSETTE; JESSICA CORTEZ; GABRIEL ROSETTE; GABRIELLA ROSETTE; JARAMILLO ROSETTE; ALAN ROSETTE; FERNANDA ROSETTE; GLADYS ROSETTE; LORENZO CORTEZ; DAISY ROSETTE; SERGIO OREA; STATES OF AMERICA; KENNIA ROSETTE "JOHN DOE #12", the last name being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises, described in the complaint, Defendants.

Index No. 717330/2022

Krista C. Miller, Esq. 
Robertson, Anschutz, Schneid, Crane & Partners, PLLC 
Attorneys for Plaintiff 
900 Merchants Concourse, Suite 310 
Westbury, NY 11590 
Telephone number: 516-280-7675
Email: Krmiller@RASlg.com
Amy Hammersmith, Esq.. 
QUEENS LEGAL SERVICES
Attorneys for Defendant Martha C. Rosete 
89-00 Sutphin Blvd, 5th Floor
Jamaica, NY 11435 
Telephone number: (347) 592-2261 
Email: ahammersmith@lsnyc.org

Robert I. Caloras, J.

The following e-filed documents, listed by NYSCEF under the motion and cross motion as: 85-137 were read on the motion by Plaintiff for an order: 1. Awarding Plaintiff Summary Judgment against Answering Defendant ROSETE C. MARTHA; 2. Appointing a referee to compute the amount due Plaintiff, examine whether the mortgaged property known as 1132 WELLING COURT, AKA 1132 WILLING COURT, ASTORIA, NY 11102 may be sold in parcels, and make his/her computation and report with all convenient speed pursuant to RPAPL 1321; 3. Declaring that all non-appearing and non-answering defendants are in default pursuant to CPLR 3215; and the cross motion by Defendant Martha C. Rosete (hereinafter "Rosete") for an order: 1. Granting movant summary judgment dismissing the complaint with prejudice as time-barred; 2. Cancelling the notice of pendency filed in this action; and 3. Granting movant summary judgment on her counterclaim under NY RPAPL 1501(4) to cancel and discharge of record the mortgage that is the subject of this action.
Upon the foregoing papers, it is ordered that the motion by Plaintiff is denied and the cross motion by Defendant Rosete is granted for the following reasons:
This is an action to foreclose on a residential property located at 1132 Welling Court AKA Willing Court, Astoria, New York 11102. The following is undisputed: On July 16, 2009, Plaintiff commenced a prior foreclosure action entitled HSBC Bank USA, National Association, As Trustee for Benefit of the Holders of the Citigroup Mortgage Loan Trust Inc., Asset-Backed Pass-Through Certificates, Series 2007-SHL1 v. Matilde DeGarcia, et al., Index No.: 18953/2009 (the "2009 Action"). By order, dated April 18, 2011, Hon. Taylor granted Plaintiff's motion to discontinue the 2009 action. On April 5, 2011, Plaintiff commenced a second foreclosure action, entitled HSBC Bank USA, National Association, As Trustee for Benefit of the Holders of the Citigroup Mortgage Loan Trust Inc., Asset-Backed Pass-Through Certificates, Series 2007-SHL1 v. Matilde DeGarcia, et al, Index No. 8297/2011 (the "2011 Action"). On May 20, 2015, the parties executed a Stipulation discontinuing the 2011 Action. Ms. Rosete was named as a "Jane Doe" Defendant in both the 2009 and 2011 action. In 2017, approximately eight years after the loan was first accelerated, Plaintiff brought a third foreclosure action against Ms. De Garcia, this time naming Ms. Rosete as a defendant (the "2017 Action") under Index No. 710381/2017. An answer was filed by Ms. De Garcia raising, among other defenses, that the action was time-barred by the statute of limitations. In May of 2018, Plaintiff's motion to discontinue the 2017 action was granted. The current action was filed on August 19, 2022. Defendant Rosete served an Answer asserting, inter alia, that the action is barred by the statute [*2]of limitations and bringing a counterclaim to quiet title under NY RPAPL 1501(4). Plaintiff filed a reply to Ms. Rosete's counterclaims on January 5, 2023.
Plaintiff now moves for summary judgment against Defendant Rosete, a default judgment against the non-appearing Defendants and an order of reference. Defendant Rosete opposes and has cross moved for an order granting summary judgment dismissing the Complaint as time barred, cancelling the Notice of Pendency, and granting Rosete summary judgment on her Counterclaim under RPAPL 1501(4) to cancel and discharge the subject mortgage. In opposition, Plaintiff argues, among other things, that the current action is not time barred because the loan was deaccelerated by the discontinuances in the prior actions and, as such, are not governed by the amendment to CPLR 3217 contained in Section 8 of The Foreclosure Abuse Prevention Act [hereinafter "FAPA"]. Further, Plaintiff argues that FAPA does not retroactively apply to undo Plaintiff's deacceleration of the loan because FAPA only applies prospectively to voluntary discontinuances occurring after FAPA's enactment. Plaintiff also argues that retroactive application of FAPA is unconstitutional because FAPA violates Plaintiff's substantive and procedural due process rights guaranteed by the U.S. Constitution, as well as the Contracts Clause and the Takings Clause of the U.S. Constitution. In reply, Defendant Rosete argues that even if FAPA was not enacted in December of 2022, the discontinuance of the 2009 action would not have revoked the acceleration of the debt or reset the statute of limitations.
Initially, the Court will first address Defendant Rosete's cross motion. The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law by offering sufficient evidence to demonstrate the absence of any material issues of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Zuckerman v City of New York, 49 NY2d 557 [1980]). "Pursuant to RPAPL 1501(4), a person having an estate or an interest in real property subject to a mortgage can seek to cancel and discharge of record that encumbrance where the period allowed by the applicable statute of limitations for the commencement of an action to foreclose the mortgage has expired, provided that the mortgagee or its successor is not in possession of the subject real property at the time the action to cancel and discharge the mortgage is commenced" (DePalma v RoundPoint Mtge. Servicing Corp., 197 AD3d 1145 [2d Dept. 2021]). 
Pursuant to CPLR 213(4), an action to foreclose a mortgage is subject to a six-year statute of limitations. ]). "[E]ven if the mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (id.). "Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the [holder of the note] elects in the complaint to call due the entire amount secured by the mortgage" (U.S. Bank N.A. v Unger, — AD3d —, 2024 NY Slip Op 04341 [2d Dept. 2024]). In December 2022, FAPA was enacted which effectively nullified the holding by the Court of Appeals in Freedom Mtge. Corp. v. Engel, 37 NY3d 1 [2021] that a voluntary discontinuance of an action constitutes an affirmative act of revocation of the acceleration of the debt. Prior to the Court of Appeals holding in Freedom Mtge. Corp. v. Engel, supra, it was well settled that after a lender accelerates a mortgage debt, "[a] lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action (NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d 1068, 1069-70 [2d Dept. 2017]; see also EMC Mortg. Corp. v. Patella, 279 AD2d 604, 605-606 [2d Dept. 2021]). 
Here, the Court finds that Defendant Rosete's submissions established her prima facie [*3]entitlement to summary judgment dismissing the Complaint because this action is time barred and on her counterclaim to cancel and discharge the subject mortgage pursuant to RPAPL 1501(4). The Court also finds Plaintiff's claims that this action is not time barred is without merit. While the Second Department has decided that FAPA is to be applied retroactively (HSBC Bank USA, N.A. v MD A. Islam, 221 AD3d 672 [2d Dept. 2023]), the Court of Appeals holding in Freedom Mtge. Corp. v Engel, supra, in 2021 cannot be applied retroactively. As such it is unnecessary to analyze FAPA in relation to the instant action and/or Plaintiff's constitutional claims with respect to the application of FAPA. Consequently Plaintiff's claims that the order discontinuing the 2009 action revoked its acceleration of the debt is without merit. Significantly, Plaintiff failed to submit any evidence indicating that after the issuance of the order discontinuing the 2009 action that Plaintiff otherwise revoked the acceleration of the debt by an affirmative act within six years after the 2009 action was commenced. Consequently, the instant action was time barred when Plaintiff commenced it in 2022. Accordingly, Defendant Rosete's cross motion is granted. In view of the foregoing, Plaintiff's motion is denied as academic, and it is
ORDERED, that the Queens County Clerk be and is hereby directed to cancel the Notice of Lis Pendens of this action filed by Plaintiff herein, filed on or about August 19, 2022 against the real property known 1132 WELLING COURT AKA 1132 WTLLTNG COURT. ASTORIA, NEW YORK 11102 and by Block 506. Lot 56, and to make a note to that effect on the margin of the records of the Lis Pendens referring to this order.
DATED: September 23, 2024
ROBERT I. CALORAS, J.S.C.